STATE, EX REL. GOFF ET., RELATORS, *v.* CANNON, DIRECTOR OF PUBLIC WELFARE, RESPONDENT.

Common Pleas Court, Licking County.

Decided February 2, 1962.

Mr. J. Dale McNamar, for relators.
Mr. Forrest B. Ashcraft, prosecuting attorney, for respondent.

HOLTSBERRY, J. Relator asks that a writ of mandamus issue against Respondent requiring him to allow support requisite for the health and decency of two minor children under the age of 18 who reside with their mother in Licking County. The case was submitted upon the pleadings, the evidence, citation of authority and arguments of counsel.

An application was filed under the Aid for Dependent Children program, and it is conceded that the county administration denied said application, and refused aid. With respect to the law concerning aid to dependent children, Section 5107.02, Revised Code, sets forth the powers and duties of the Department of Public Welfare. The Department of Public Welfare is empowered to administer Sections 5107.01 to 5107.16, inclusive, Revised Code. Further, by virtue of Section 5107.02, Revised Code, the Department may, under Section (E) provide, by rules and regulations or otherwise, for putting into effect such methods of administration and procedure as are found by the administration or the Department to be necessary to the efficient operation of said plan in the respective counties. Section (F) of this section provides for and affords a fair hearing to any individual entitled thereto under Section 5107.05, Revised Code, in which case the finding and order of the Department shall be final.

Milton H. Klein, Executive Assistant for Public Assistance of the State Department of Welfare, testified as to the procedure on appeal of an aggrieved applicant from the county administration's decision. He described the State's employ-

ment of a hearing officer or referee who conducts hearings after due notice, in the county where the aggrieved recipient resides. Mr. Klein testified that he then reviews the record and makes recommendation to the State Director of Public Welfare He further testified that no appeal had been taken in the instant application dispute and that the funds from such aid were derived from county, state and federal sources and that the policy was to consider all income and circumstances effecting an applicant so that careful consideration could be given with respect to whether or not a need existed.

The last paragraph of Section 5107.05, Revised Code, reads as follows:

"An applicant or recipient aggrieved because of a county administration's decision or delay in making a decision may appeal to the department in the manner prescribed by the department and shall be afforded reasonable notice and opportunity for a fair hearing. All decisions of the department made on appeal shall be final and binding upon and complied with by the county administration."

It is clearly apparent herein that a remedy at law by way of appeal exists for applicant or recipient aggrieved because of a county administration's decision.

Mandamus is an extraordinary legal remedy, granted only in those cases where relief cannot be otherwise obtained. (35 Ohio Jurisprudence (2nd), Mandamus, page 241.) The writ has one important feature, distinguishing it from other remedial writs, in that it is used merely to compel action, and to coerce the performance of a pre-existing duty. It is well settled that the right to relief sought by the Relator in Mandamus must be clear.

Section 2731.05, Revised Code, expressly provides that the writ of mandamus must not be issued where there is a plain and adequate remedy in the ordinary course of the law. Its object is rather to supply the want of a legal remedy, than to supplant or supersede every other form of remedy. (*Cullen* v. *State*, 105 Ohio St., 545.) It appears therefore to authorize its issuance there must co-exist the clear right to performance and the absence of a plain and adequate remedy in the ordinary course of the law.

Relator herein has a plain and adequate remedy by way

294

of appeal under the Ohio statutes, and the procedure set forth by the rules and regulations adopted by the State Department of Welfare. Such procedure was not followed.

The writings prayed for is accordingly denied.