HARDMAN ET AL., APPELLEES, *v.* CHIARAMONTE, APPELLANT.

(No. 12828—Decided April 22, 1987.)

*James A. Rondy,* for appellees William W. and Nikki Danielle Hardman.

*David A. Lieberth,* for appellant.

MAHONEY, J. Joseph M. Chiaramonte, as Administrator of the Estate of Donna Stefanov, appeals from an order denying his Civ. R. 60(B) motion for relief from judgment. We affirm the judgment of the trial court.

### Facts

On June 5, 1985, William W. Hardman filed a complaint to establish a parent and child relationship between himself and Nikki Danielle Hardman. This complaint was filed in the Summit County Court of Common Pleas, Juvenile Division, and the only named parties were William and Nikki.

Paragraph two of the complaint alleged that Nikki's mother, Donna Marie Stefanov, died in March 1984. The complaint also alleged that the Juvenile Court of Stark County had previously granted William custody and control of Nikki. A copy of Nikki's birth certificate was attached to the complaint. It listed William as Nikki's father and bore signatures of the natural father and mother.

On June 13, 1985, the juvenile court entered judgment in the matter and found that a parent and child rela-

tionship between William and Nikki had been established.[1]

On June 13, 1986, Chiaramonte filed a Civ. R. 60(B) motion requesting that the juvenile court vacate its June 13, 1985 entry, grant custody of Nikki to Chiaramonte, and appoint a guardian ad litem for Nikki. In an entry dated August 27, 1986, the trial court overruled Chiaramonte's motion. This appeal followed.

Custody and paternity of Nikki have been the subjects of numerous court actions, including litigation in both Stark and Summit Counties. All parties make frequent references to these actions in their briefs on appeal and pleadings below. However, very little record documentation of these proceedings has been transmitted to this court on appeal.

It is the duty of the appellant to transmit an adequate record to support the claimed errors. *Baumann* v. *Baumann* (Oct. 15, 1986), Medina App. No. 1507, unreported. In the absence of an adequate record, a presumption of regularity attends the actions of the trial court. *Id.*

### Assignment of Error I

"The trial court erred in finding that appellant was not a proper party to bring the 60(B) motion."

Relying upon R.C. 3111.04, the trial court found that Chiaramonte was "a person not a party to this action." We agree with the trial court's ruling in this regard, if not its reasoning. See *Agricultural Ins. Co.* v. *Constantine* (1944), 144 Ohio St. 275, 29 O.O. 426, 58 N.E. 2d 658.

R.C. 3111.04 provides in pertinent part:

"(A) An action to determine the existence or non-existence of the father and child relationship may be brought by the child or child's personal representative, the child's mother or personal representative, a man alleged or alleging himself to be the child's father, or the alleged father's personal representative."

Chiaramonte contends that, as the Administrator of the Estate of Donna Stefanov, he is a proper party to bring an action under the statute. We agree. However, Chiaramonte did not bring the action at bar. Rather, Chiaramonte filed a Civ. R. 60(B) motion in an action to which he was never a party.

The trial court stated in its finding that R.C. 3111.04 "does not allow other parties to be parties after said action has been brought, which is the instant case." In reality, the statute does not address this question one way or another. We believe that a proper party could intervene in an existing parentage action. See R.C. 3111.07; 3111.08(A); Civ. R. 24.

However, the trial court's statement in this regard was harmless. See Civ. R. 61. Chiaramonte never made a motion to intervene in this action. Consequently, the trial court's finding that Chiaramonte was not a party was technically correct.

### Assignment of Error II

"The trial court erred and committed an abuse of discretion by dismissing appellant's claims under Rule 60(B)(3)."

The Supreme Court of Ohio has consistently held that:

"In order to prevail on a motion brought under Civ. R. 60(B), a movant

---

[1] We have no transcript of proceedings indicating what evidence the trial court received prior to reaching its decision. The record on appeal does contain a court reporter's invoice indicating that proceedings were held in the matter on June 13, 1985, the date of the order finding the existence of the parent and child relationship.

must show (1) the existence of a meritorious defense or claim, (2) entitlement to relief under one of the grounds set forth in the rule, and (3) that the motion is made within a reasonable time. * * *" (Citations omitted.) *Svoboda* v. *Brunswick* (1983), 6 Ohio St. 3d 348, 351, 6 OBR 403, 406, 453 N.E. 2d 648, 651.

In order to reverse a trial court's decision to deny or grant such a motion, an appellate court must conclude that a trial court abused its discretion in ruling on these factors. See *GTE Automatic Electric, Inc.* v. *ARC Industries, Inc.* (1976), 47 Ohio St. 2d 146, 1 O.O. 3d 86, 351 N.E. 2d 113.

In this assignment of error, Chiaramonte contends that William failed to notify the trial court of the existence of other related proceedings and that this conduct amounted to a fraud upon the court.

Civ. R. 60(B)(3) provides that a party may seek relief from a judgment induced by "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party." One who asserts that a judgment has been obtained through fraud has the burden of proving the assertion by clear and convincing evidence. See *Rozier* v. *Ford Motor Co.* (C.A. 5, 1978), 573 F. 2d 1332, 1339.[2] The conduct complained of must have prevented the complaining party from fully and fairly presenting its case or defense. *Id.*

Chiaramonte has failed to show the existence of any legal duty on the part of William to notify the trial court of related litigation. Unlike a custody proceeding under R.C. 3109.27, there is no statutory requirement that a party bringing an R.C. Chapter 3111 parentage action provide notice of related proceedings in other courts.

Assuming *arguendo* that such a duty could be found to exist, Chiaramonte has failed to provide this court with an adequate record to demonstrate that William worked a fraud upon the trial court. We have no transcript of proceedings indicating whether or not William divulged this information at the initial June 13, 1985 proceeding in this matter. See fn. 1, *supra.*

The lower court determined that no fraud, misrepresentation, or other misconduct occurred. The trial judge was in the best position to make this determination. Absent a record indicating otherwise, we presume that the lower court ruled correctly and find no abuse of discretion.

Assignments of Error

"III. The trial court erred and committed an abuse of discretion by dismissing the claims of appellant filed under Rule 60(B)(2).

"IV. The trial court erred and committed an abuse of discretion by dismissing the claims of appellant filed under Rule 60(B)(5)."

Civ. R. 60(B)(2) permits a trial court to relieve a party from a final judgment based upon "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B)." Civ. R. 60(B)(5) is a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. *Caruso-Ciresi, Inc.* v. *Lohman* (1983), 5 Ohio St. 3d 64, 5 OBR 120, 448 N.E. 2d 1365, paragraph one of the syllabus. However, Civ. R. 60(B)(5) is not to be employed as a substitute for the other more specific provisions of Civ. R. 60(B). *Id.*

In these assignments of error,

---

[2] Except for the omission of a comma after the word "misrepresentation" in the Ohio rules, Civ. R. 60(B)(3) is identical to its federal counterpart.

Chiaramonte contends that the trial court erred in not ordering William to submit to genetic testing and that the trial court improperly permitted William "* * * to proceed in bootstrapping a void legitimation finding into an order of custody. * * *" We do not agree. There is no indication that the trial court relied upon any findings made in a separate legitimation proceeding in denying Chiaramonte's Civ. R. 60(B)(2) and (B)(5) motions.[3] Rather, the trial court found that there was no basis for either of these motions, the only issues properly on appeal.

Chiaramonte contends that William should be forced to undergo genetic testing and the trial court's parentage finding should be vacated based upon this "newly discovered evidence." This argument must fail.

This court has previously noted that results from genetic testing, which could have been made available prior to final judgment and are not made available until after final judgment, are not newly discovered evidence for the purposes of Civ. R. 60(B)(2). *In re Stabile* (Aug. 27, 1986), Medina App. No. 1485, unreported.

In the case *sub judice,* the trial court recognized that genetic testing was available prior to final judgment and felt that the testing was unnecessary. Consequently, the trial court held that the evidence was not newly discovered. We agree.

Chiaramonte also contends that since he was unaware of the existence of this action until immediately prior to the filing of his Civ. R. 60(B) motion, the evidence should be considered newly discovered. He cites no support for such a contention and we know of none.

Civ. R. 60(B)(5) has been narrowly construed and is only applied in extraordinary circumstances. See *Adomeit v. Baltimore* (1974), 39 Ohio App. 2d 97, 68 O.O. 2d 251, 316 N.E. 2d 469. We find no such conditions at bar.

Summary

All of appellant's assignments of error are overruled and the judgment of the juvenile court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and GEORGE, J., concur.

---

[3] The legitimation proceeding complained of occurred in the Summit County Court of Common Pleas, Probate Division. The juvenile court did receive a copy of the probate court's finding of August 20, 1985. This finding was made over two months after the juvenile court's finding of parentage and was initially offered by William in a visitation controversy with Nikki's grandparents that was litigated in the juvenile court in the fall of 1985. William offered this as evidence again in the current controversy.