CRITTENDON et al., Appellants,

v.

CRITTENDON, Appellee.

[Cite as *Crittendon v. Crittendon* (1992), 82 Ohio App.3d 484.]

Court of Appeals of Ohio,
Summit County.

No. 15518.

Decided Sept. 16, 1992.

*Jason T. Adams,* Assistant Prosecuting Attorney, for appellants.
*Thomas Donald Crittendon, pro se.*

REECE, Judge.

Plaintiffs-appellants, Barbara Jean Crittendon and the state of Ohio, represented by the Summit County Department of Human Services ("DHS"), appeal from the trial court's application of *res judicata* in barring their claim for monies paid toward the support of the children of Thomas Donald Crittendon, defendant-appellee.

Barbara and Thomas were married July 23, 1978. They are the natural parents of two children, Thomas Jr., born May 24, 1982, and Kelly, born March 9, 1984. Barbara and Thomas separated in July 1984, without legal process, and have continued to live apart. Since their separation, the children have at all times resided with Barbara.

On December 3, 1984, Barbara, represented by the Summit County Prosecutor's Office, filed a complaint in the juvenile court seeking an order requiring Thomas to pay child support. This case was dismissed with prejudice on April 8, 1991, pursuant to C.P.Sup.R. 6(A) and Civ.R. 41(B), due to a failure to prosecute. Under Civ.R. 41(B)(3) such a dismissal "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." Therefore, *res judicata* precludes relitigation of the case. See 5 Moore, Federal Practice (1991), Paragraph 41.11[2], at 41–144.

On May 21, 1991, the DHS, on behalf of the state and Barbara, filed a new complaint against Thomas seeking a judgment in the amount of $20,955 for past support provided to the children under R.C. Chapter 5107, Aid to Dependent Children ("ADC"). The complaint also requested an order setting Thomas' future support obligation and requiring him to maintain medical coverage on his children.

A hearing was held before a referee on August 29, 1991. The resulting report of the referee, issued October 4, 1991, held this case to be a "re-filing" of the former case. Therefore, the referee recommended that the action be dismissed as *res judicata.*

DHS filed written objections to the referee's report on October 4, 1991. While agreeing that the referee erred in dismissing the claims for current child support and medical coverage, the court agreed that *res judicata* precludes litigation of the claim for past support. It is from this judgment that the state appeals, raising three assignments of error which will be combined where appropriate.

### Assignments of Error Nos. I and II

"I. The trial court erred in dismissing the State of Ohio's cause of action with prejudice, based on res judicata.

"II. The trial court erred in denying the State recovery of all monies expended for support of the parties' minor children."

In defining the doctrine of *res judicata,* the Ohio Supreme Court has stated:

"A final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action upon the same cause of action between the parties or those in privity with them. The prior judgment is *res judicata* as between the parties or their privies. (Paragraph No. 1 of syllabus of *Norwood v. McDonald* [1943], 142 Ohio St. 299 [27 O.O. 240, 52 N.E.2d 67], approved and followed.)" *Whitehead v. Gen. Tel. Co.* (1969), 20 Ohio St.2d 108, 49 O.O.2d 435, 254 N.E.2d 10, paragraph one of the syllabus.

■ *Res judicata* may be properly applied to bar a later action only when all three of the following conditions are present. First, there must be a prior adjudication upon the merits by a court of competent jurisdiction. Second, there must be an "identity or mutuality of the parties" between the former and latter cases. See, generally, *Goodson v. McDonough Power Equip., Inc.* (1983), 2 Ohio St.3d 193, 200, 2 OBR 732, 739, 443 N.E.2d 978, 985. Finally, the cause of action, claims, or issues between the two cases must be identical. *Whitehead, supra,* paragraph two of the syllabus.

In the present case, it is not an issue that the juvenile court had jurisdiction over Barbara's complaint for child support filed in 1984. See R.C. 2151.-23(B)(4). Additionally, as already stated, the dismissal of that case with prejudice for a want of prosecution was a final adjudication upon the merits. Civ.R. 41(B)(3); 5 Moore, Federal Practice (1991), Paragraph 41.11[2], at 41–144. Accordingly, the only issue before this court is whether there exists mutuality of both the parties and the claims between the two cases. These two requirements in the application of *res judicata* will be addressed separately.

■ Contrary to the state's position, we find that there does exist mutuality of the parties between Barbara's original action for child support and the latter action for past support. The record reflects that Barbara, on August 30, 1984, prior to the commencement of the first case, assigned her rights to child support to the DHS. This assignment was required, pursuant to R.C. 5107.07, as a condition for receiving ADC under R.C. Chapter 5107 and Title IV–D of the Social Security Act. Standing alone, an assignment of rights to the state is not sufficient to bind the state as a party or as privy to an action prosecuted or defended by the assignor. Holding that the state is in privity with a party requires more.

"Actions by or against the state can be brought only by express authority of the general assembly, and the state cannot be estopped by an act of its officers, unless the state has by statute authorized such officer to act on that behalf, and then the estoppel can be no broader than the authority." *State v. Cincinnati Tin & Japan Co.* (1902), 66 Ohio St. 182, 208, 64 N.E. 68, 69.

In the initial action for support, Barbara was at all time represented by the Summit County Prosecutor's Office, originally by the Bureau of Support Services and later the Child Support Enforcement Agency pursuant to R.C. 2301.35 *et seq.* We find, that by statutorily compelling both the assignment of rights and the prosecution of those rights, the state did participate in the original case. 1987 Ohio Atty. Gen. Ops. No. 87–033, paragraph one of the syllabus states:

"Where a county prosecuting attorney, either in his official capacity or under a cooperative agreement with the local title IV–D agency, provides legal services pursuant to Title IV–D of the Social Security Act, as amended, 42 U.S.C. 651–667 (1985), if the person who is owed child or spousal support has assigned or subrogated his right to receive support payments to this or any other state or to an agency, department, or political subdivision of this or any other state as a condition to the receipt of public assistance, then the client of the prosecutor is the state or agency, department or political subdivision of the state which has provided the assistance."

While acknowledging that an advisory opinion of the attorney general is not binding on this court, we agree with the statement of law contained therein. Although the initial action for support was brought in Barbara's name, the state was compelled by R.C. 5107.07 to receive any award, and by R.C. 2301.35 *et seq.* that the case be prosecuted. Under such circumstances, the state cannot be considered a disinterested party.

However, the final condition in the application of *res judicata* requires mutuality in claims or issues between the two actions. In this respect, we agree with the state that the claims in the two cases are not the same.

In her 1984 complaint, Barbara invoked the jurisdiction of the juvenile court under R.C. 2151.23(B)(4) to "determine an application for an order for the support of any child, if the child is not a ward of another court of this state." R.C. 2151.23(B)(4) is a jurisdictional statute, only. See *Reynolds v. Goll* (1992), 80 Ohio App.3d 494, 609 N.E.2d 1276. In exercising its jurisdiction in child support matters, the court must apply the substantive law under R.C. 3109.05. See R.C. 2151.23(F)(2).

It is fundamental that an order for child support under R.C. 3109.05 is prospective only. This was the basis of the court's decision that, in this case, *res judicata* only applied to the issue of past support, thereby allowing Barbara and the state to proceed with their request to establish Thomas' present and future support obligations.

In contrast, R.C. 5107.04(C) provides that:

"The county department of human services shall take action to recover erroneous payments, which may include instituting a civil action. Whenever aid has been furnished to a recipient for whose support another person is responsible such other person shall, in addition to the liability otherwise imposed, as a consequence of failure to support such recipient, be liable for all aid furnished to such recipient. The value of the aid so furnished may be recovered in a civil action brought by the county department."

By this statute, the DHS has the authority to commence an action on behalf of the state to sue for a money judgment for any support actually paid in ADC. Unlike the state's interest in establishing a parent's support obligation, thereby lessening the future burden on the public treasury in the payment of ADC, this statute creates a separate cause of action. Under R.C. 5107.04(C) the state has authorized the DHS to recover funds already distributed in support of a child when such support is the duty and responsibility of another person.

In the case *sub judice*, the state alleged that Thomas, as the children's natural father, had a duty to support his children, thereby becoming indebted to the state for actual monies paid in ADC. See *State ex rel. Summit Cty. v. Jones* (Oct. 21, 1987), Summit App. No. 13104, unreported, 1987 WL 14622. This is a distinct cause of action from that presented in the former case seeking to establish Thomas' present and future support obligation. Accordingly, the court erred in barring the state's claim as *res judicata*.

Under R.C. 5107.04(C) the authority to recover monies disbursed in ADC is granted exclusively to the DHS as the state's representative. Therefore, we note that the court was correct in finding Barbara's claim for past support barred as *res judicata*.

Based on the foregoing, the state's first and second assignments of error are sustained.

### Assignment of Error No. III

"The trial court erred by not permitting the State to recover at least the reasonable value of the necessaries furnished by DHS."

The state contends the court erred in barring its action to recover from Thomas at least the "necessaries" provided his children as permitted by R.C. 3103.03. Based on our disposition of the first and second assignments of error, this issue is rendered moot.

The judgment of the juvenile court is reversed and the cause remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

CACIOPPO, P.J., and COOK, J., concur.