**VANCE et al., Appellants,**

v.

**BANKS et al., Appellees.**

[Cite as *Vance v. Banks* (1994), 94 Ohio App.3d 475.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 64872.

Decided May 5, 1994.

*John H. Lawson,* for appellants.

*Judith Hunt,* for Edward Banks.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *James Craft,* Assistant Prosecuting Attorney, for Cuyahoga County Department of Human Services.

*Wesley A. Dumas,* for Travel Productions.

Harper, Presiding Judge.

Appellant, Karyn Vance, timely appeals from the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division, which dismissed her motion for an order to show cause against appellees, Edward Banks, Travel Productions and Atlantic Recording Studios. The trial court reasoned that since appellant receives Aid to Dependent Children ("ADC") from the Department of Human Services ("DHS") she could not bring an action in her own right to enforce a support obligation.

This court is called upon in this action to determine whether a custodial parent who receives ADC from the County Department of Human Services is divested of all rights to bring an action against the noncustodial parent to recover the amount owed as a consequence of the noncustodial parent's failure to support the child recipient. Because the right to bring an action to adjudicate parental relationship and establish the duty to support the child thereof is separate from the right to recover payments owed to the DHS by a noncustodial parent for support obligations, we answer the question in the affirmative.

The pertinent facts of this case are as follows:

On May 24, 1990, appellant filed a complaint on behalf of her minor child against appellee, to establish a parent and child relationship.[1] At a hearing held on November 9, 1990, a child and parent relationship was established. Appellant was awarded the custody of the minor child. The court determined that the DHS was a party plaintiff because appellant was receiving ADC and had assigned all monies due for past care and current support to the DHS.

On July 2, 1991 appellant retained private counsel and filed a motion to require Banks to show cause and a motion to modify support. On April 6, 1992, appellant withdrew her motion to modify support. On March 9, 1992, the DHS intervened as a party for the sole purpose of collecting payments for past care and future support which have been and will be provided for the minor child by the DHS.

The court on November 20, 1992 dismissed appellant's motion to require Banks to show cause, holding that since appellant was still a recipient of ADC and had assigned her rights to support to the DHS she was not a proper party to file a complaint to recover past care and present support for the minor child.

## II

The following errors are assigned for our review:

---

1. Appellant was represented by the county prosecutor's office, which also represented the Cuyahoga County Department of Human Services.

"I.  Appellant Karyn Vance is a party to the action on behalf of herself and the child and has not assigned her party status to a third party.

"II.  The trial court erred in dismissing appellant's motion to show cause against the manifest weight of the evidence presented.

"III.  Karyn Vance was a real party in interest.

"IV.  The Department of Human Services was jointly prosecuting the appellant's motion to show cause.

"V.  Appellant Karyn Vance has an absolute right to the first $50.00 in child support each month and thus a full right to enforce the child support order.

"VI.  Appellants' [*sic*] rights to due process are violated by the trial court's ruling."

Appellant argues in her first assignment of error that since she is a party pursuant to R.C. 3111.07 she has a right to bring an action to enforce the noncustodial parent's obligation to support their minor child.  R.C. 3111.07 stated in part as follows:

"(A) The natural mother, each man presumed to be the father under section 3111.03 of the Revised Code, and each man alleged to be the natural father, shall be made parties to the action or, if not subject to the jurisdiction of the court, shall be given notice of the action pursuant to the Rules of Civil Procedure and shall be given an opportunity to be heard.  The court may align the parties.  The child shall be made a party to the action unless a party shows good cause for not doing so.  Separate counsel shall be appointed for the child if the court finds that the child's interests conflict with those of the mother."  Am.Sub.H.B. No. 591, 143 Ohio Laws, Part IV, 5957, 5969.

Appellant's understanding of proper parties as stated in R.C. 3111.07 is wrong.  R.C. 3111.07 deals with parties that can initiate an action to establish a parent and child relationship.  Thus, in an action to establish a parent and child relationship, the only proper parties are the natural mother, the presumed father, and the alleged natural father.  In an action to establish a parent and child relationship, neither the DHS nor any state agency can be a proper party for the purpose of initiating an action but can only intervene for the limited purpose of collecting or recovering support if it is the support provider.  *State ex rel. Athens Cty. Dept. of Human Serv. v. Wolf* (1991), 77 Ohio App.3d 619, 603 N.E.2d 252. See, also, *Hardman v. Chiaramonte* (1987), 39 Ohio App.3d 9, 528 N.E.2d 1270.

When a parent and child relationship has been established, the enforcement of the support order emanating from the relationship takes a different legal procedure and may require different parties depending on the factual basis of the case.  R.C. 3111.15 provides in part as follows:

"(A) If the existence of the father and child relationship is declared or if paternity or a duty of support has been adjudicated under sections 3111.01 to 3111.19 of the Revised Code or under prior law, the obligation of the father may be enforced in the same or other proceedings by the mother, the child, or the public authority that has furnished or may furnish the reasonable expenses of pregnancy, confinement, education, support, or funeral, or by any other person, including a private agency, to the extent that any of them may furnish, has furnished, or is furnishing these expenses."

R.C. 3111.15 recognizes the two processes. The first adjudication is the declaration of the parent and child relationship or a duty of support where the parent and child relationship is not an issue. The second is the enforcement of the support order. The issues in the two processes are different and the parties may or may not be the same. The right to enforce the parental obligation to support a child is provided by statute and depends entirely on who is the support provider of the child. Thus, a parent who provides the support of the child has a right to enforce the order and to compel the nonsupporting parent to comply with the court's order. Even though the Child Support and Enforcement Agency through the county prosecutor may represent a parent, the parent is not precluded from hiring a private attorney to prosecute her cause as long as the appropriate agency is notified or made a party to the action. See R.C. 3111.07.

■ Appellant's misunderstanding of the statute notwithstanding, a motion for an order to show cause why a parent should not be held in contempt for failure to comply with a court order to support a child falls under the second category of the process and can be enforced only by a party who provided or provides the support. Appellant did not challenge the trial court's determination that she was receiving ADC at the time of the suit. The trial record also supports the trial court's finding of appellant's support from the DHS.

R.C. 5107.07 provides in part as follows:

"(A) The acceptance of aid under this chapter constitutes an assignment to the department of human services of any rights an individual receiving aid has to support from any other person, excluding medical support assigned pursuant to section 5101.59 of the Revised Code. The rights to support assigned to the department pursuant to this section constitute an obligation of the person who is responsible for providing the support to the state for the amount of aid payments to the recipient or recipients whose needs are included in determining the amount of aid received. *Support payment assigned to the state pursuant to this section shall be collected by the county administration, and reimbursements for aid payments shall be credited to the county, state, and federal governments in the same proportions as they participate in the financing of such payments.* Support obligations owed to children shall be distributed in accordance with laws

and rules applicable to the federal child support program under the 'Social Services Amendments of 1974,' 88 Stat. 2351, 42 U.S.C.A. 651, as amended." (Emphasis added.)

Appellant's argument that she did not assign her right to the DHS is in conflict with both the statutory conditions for the DHS support and appellant's own affidavit of indigency stating that her only source of income is the ADC. R.C. 5107.04(C) states that:

"The county department of human services shall take action to recover erroneous payments, which may include instituting a civil action. Whenever aid has been furnished to a recipient for whose support another person is responsible such other person shall, in addition to the liability otherwise imposed, as a consequence of failure to support such recipient, be liable for all aid furnished to such recipient. The value of the aid so furnished may be recovered in a civil action brought by the county department."

Under R.C. 5107.04(C) the legislature has exclusively authorized the DHS to recover funds already disbursed in support of a child when the support is the duty and responsibility of another person, *Crittendon v. Crittendon* (1992), 82 Ohio App.3d 484, 489, 612 N.E.2d 759, 762. Since appellee, Edward Banks, was established as the minor child's natural father, he has a duty to support the child. Appellee Edward Banks's failure to provide for the child forces the state to take his place and provide for the child, thereby making him indebted to the state for the cost of providing for the child. See *State ex rel. Summit Cty. v. Jones* (Oct. 21, 1987), Summit App. No. 13104, unreported, 1987 WL 14622.

We find appellant's argument that she will not escape the welfare cycle if she is not allowed to enforce child support orders to be regrettably unpersuasive.

However, since appellant would get the DHS support for her child whether or not appellee pays the child support order, she does not have as much to lose as does the provider of the support for the child. The trial court ruled correctly that appellant was not a proper party to enforce the obligation of appellee to support his child.

Appellant's first assignment of error is overruled.

### III

Appellant makes a manifest-weight argument in her second assignment of error that there are no documents to support the trial court's decision that appellant's acceptance into the ADC program precludes her from being a proper party to enforce the support obligation. We disagree, because R.C. 5107.07 says so. Appellant confirmed in her affidavit of indigency that she is a recipient of ADC. In her proposed findings of fact and conclusions of law appellant stated,

"Complainant was sworn in and testified that she had been an ADC recipient since the original support order went into effect." Thus, there is ample evidence of appellant's relinquishment of her right to enforce the support order by her acceptance into the ADC program. A judgment supported by some competent credible evidence shall not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

Appellant's second assignment of error is overruled.

## IV

Appellant's third assignment has been adequately addressed in our discussion of her first assignment of error, so we decline to be repetitious.

## V

■ Appellant argues in her fourth assignment of error that since the DHS was represented in the action by the county prosecutor the trial court erred by dismissing her action. While the court in its discretion may align the parties, we cannot hold as a matter of law that the trial court erred in dismissing appellant's action to enforce the support order within the circumstances of this case. We acknowledge, however, that the court could have achieved the same results by aligning the parties and in the interest of judicial economy declaring the rights of the parties, since all parties were represented, without requiring the state to file a new action. But since the trial court chose to follow the mandates of the statute and forgo the application of its discretionary powers, we find its action proper.

## VI

■ Appellant argues in her fifth assignment of error that she has a right to enforce the support order because she is entitled to receive $50 from the support payment. Appellant has failed to show that she is entitled to $50 from the support payments. Assuming, *arguendo*, that appellant is required to be paid $50 by the state after the recovery of the support payments, there is still a difference between a right to enforce the collection order, *Cartledge v. Miller* (S.D.N.Y.1978), 457 F.Supp. 1146, and the right to receive from the state some portion of the payments. The obligation of appellee to pay a sum certain for the support of his child has been established. The right of appellant to receive a certain amount from the amount collected requires a satisfaction of certain conditions, see Section 651, Title 42, U.S.Code, and R.C. 5107.07(B)(1), (2) and (3), and can be enforced only after the amount has been collected. Therefore, the

mere fact that appellant may benefit from the collection does not give appellant a right to enforce the order, since the $50 can be given to appellant only by the state and not directly by appellee. Appellant's cited cases do not support her claim.

Appellant's fifth assignment of error is overruled.

## VII

■ Appellant in her sixth assignment of error argues that her rights to due process were violated by the trial court's dismissal of her complaint. Appellant has failed to articulate what process is due. There is no constitutional right to receive ADC. The right is statutory and requires that certain conditions be met. The assignment of rights to the DHS as a condition for receiving ADC is not coercive. Every applicant for ADC has an adequate remedy at law by way of appeal if his request for aid is denied. *State ex rel. Goff v. Cannon* (C.P.1962), 88 Ohio Law Abs. 291, 23 O.O.2d 408, 182 N.E.2d 885. It is not the primary responsibility of the state to support children; it is a parental responsibility. However, it is the responsibility of the state to protect the welfare of its citizens. It is the state's welfare responsibility that requires it to step in and take the place of a parent who abdicates his responsibility to support his child. Since the parent remains responsible for the child, all ADC payments made on behalf of the child should be recouped from the absent parent by the state as mandated by R.C. 5107.04. See *State ex rel. Morgan Cty. Dept. of Human Serv. v. Roddy* (1991), 63 Ohio App.3d 575, 579 N.E.2d 538. As long as the mother continues to receive ADC payments on behalf of the child from the state, she has not been denied any due process right, and any argument to the contrary has no merit. After all, where the state fails to collect the money owed from the absent parent, the mother would not be required to refund the state the amount expended on behalf of the child.

■ Appellant also argues that she has a right to be heard and to access the courts. We agree. The court doors are open to appellant when she has a legitimate gripe against the system. If appellant has money coming out of the collection, she has every right to seek a refund from the state, the refusal of which allows her to seek redress from the courts. As we stated *supra*, the mere fact that appellant *may* receive some of the collected amount does not call for the abrogation of the conditions she agreed to before being accepted to the ADC program, or give her a right to represent the state by seeking to collect the money owed to the state.

Appellant cites *Atkinson v. Austria* (Nov. 20, 1989), Green App. No. 89–CA–4, unreported, 1989 WL 140199, as controlling. Because we do not see the

relevance of the *Atkinson* decision to this case, we overrule appellant's sixth assignment of error and affirm the decision of the trial court.

*Judgment affirmed.*

KRUPANSKY and JOHN V. CORRIGAN, JJ., concur.

JOHN V. CORRIGAN, J., retired, of the Eighth Appellate District, sitting by assignment.