The STATE ex rel. LAMIER et al., Appellants,

v.

LAMIER et al., Appellees.

[Cite as *State ex rel Lamier v. Lamier* (1995), 105 Ohio App.3d 797.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 67637, 67638, 67640, 67655 and 67660.

Decided Sept. 5, 1995.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, *Lynne A. Yohe* and *Sharon Hawk,* Assistant Prosecuting Attorneys, for appellants.

*Dennis Lamier, pro se.*

*Cheryl Lamier, pro se.*

*Sharon Burns, pro se.*

*Lizette Garcia, pro se.*

*Theresa Flanagan, pro se.*

*Sakima Akram, pro se.*

*Hardiman, Alexander, Buchanan & Howland* and *James L. Hardiman,* for appellee Eric Simmons.

*Enrique Garcia, pro se.*

*Ronald Niemann, pro se.*

*Jalah Akram, pro se.*

KARPINSKI, Judge.

This is a consolidated appeal brought by the Child Support Enforcement Agency of Cuyahoga County ("CSEA") from five decisions of the Juvenile Division of the Cuyahoga County Common Pleas Court. All five cases involve child support in which parentage was never at issue. The mothers receive public assistance and have assigned their rights to child support to the Department of Human Services ("DHS"). In all five cases CSEA, as the collecting agent of DHS, filed actions in juvenile court to determine child support and to make a

determination of reimbursement for the amount of support already provided by DHS. In three cases CSEA was removed after a referee's hearing; in the other two cases CSEA was removed before the hearing. CSEA appealed to this court and the cases were consolidated. The four assignments of error raised by CSEA will be addressed together and state as follows:

"I. The trial court erred in dismissing CSEA without an opportunity for hearing.

"II. The trial court erred in dismissing state of Ohio, Cuyahoga Support Enforcement Agency, as a party plaintiff.

"III. The trial court erred by narrowly construing R.C. 2151.231 and restricting standing to only parents, guardians and custodians.

"IV. The trial court erred in dismissing state of Ohio, Cuyahoga Support Enforcement Agency, as a party as relators on all cases are recipients of public assistance and CSEA has a right to make claims for reimbursement."

■ The trial court held that CSEA has no right to file in juvenile court to collect child support in cases where parentage was never at issue. This decision was based on the trial court's reading of R.C. 2151.23 as authorizing[1] only a "parent," "guardian," or "custodian" of a child to bring an action in juvenile court requesting the court to order a parent to pay child support. Because the state is not mentioned, the trial court narrowly read R.C. 2151.23 to exclude the state from initiating actions based on the mother's assignment for collection and suggested the proper forum for such an action is common pleas court. We disagree.

Pursuant to R.C. 2151.23(A)(11), juvenile court has *exclusive* jurisdiction over child support matters unless the action arises out of a case in certain other courts.[2] Therefore, if CSEA cannot bring an action for child support in juvenile court, CSEA has no other alternative when the child support issue does not arise from another action, because common pleas would not have jurisdiction to hear

---

1. R.C. 2151.231 provides as follows:

"The parent, guardian, or custodian of a child may bring an action in a juvenile court under this section requesting the court to issue an order requiring a parent of the child to pay an amount for the support of the child without regard to the marital status of the child's parents."

2. R.C. 2151.23 reads as follows:

"(A) The juvenile court has exclusive original jurisdiction under the Revised Code:
" * * *
"(11) To hear and determine a request for an order for the support of any child if the request is not ancillary to an action for divorce, dissolution of marriage, annulment, or legal separation, a criminal or civil action involving an allegation of domestic violence, or an action for support brought under Chapter 3115. of the Revised Code."

such an original action. For the trial court to push CSEA out of its court is tantamount to pushing it over the cliff.

In her brief the prosecutor properly observed that Juv.R. 10(A) and 2(AA), taken together, provide that the state, or its agencies, may file a complaint in juvenile court to order child support payments, if the state or its agency has standing. Any agency mandated with the obligation to establish, enforce, and collect support obligations has standing in juvenile court for such purposes.

■ The question of standing, that is, of who is a proper party to bring a complaint, is a procedural matter governed by the Rules of Juvenile Procedure. These rules control over an inconsistent statute purporting to govern procedural matters. *In re Brofford* (1992), 83 Ohio App.3d 869, 615 N.E.2d 1120. Thus, *arguendo*, even if the juvenile court properly construed R.C. 2151.231, Juv.R. 10(A) would supersede the statute.

■ Juv.R. 10(A), however, is not inconsistent, because R.C. 2151.231 is not exclusive. In other words, although the statute specifies that a "parent," "guardian," or "custodian" may bring a support action, the statute neither expressly authorizes nor forbids the state to bring such an action.

■ When no statute expressly authorizes a party to participate in an action, the standard for determining standing is whether a party has some real interest in the action. *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas* (1973), 35 Ohio St.2d 176, 64 O.O.2d 103, 298 N.E.2d 515.

■ The state has been authorized to collect child support. R.C. 5107.07 requires recipients of ADC benefits to assign to DHS their rights to child support as a condition for receiving ADC. As a result of this assignment, DHS has authority to commence an action on behalf of the state to sue for a money judgment for any support actually paid by DHS. In effect, R.C. 5107.07 transfers to DHS the power of the "parent" to bring such actions and vests in the state a "real interest" sufficient to give it standing, even if R.C. 2151.231 does not specifically list it.

The trial court maintains, however, that CSEA is not the real party in interest, because the welfare department furnished the assistance and because "CSEA, a separate agency, * * * is merely an enforcement agency * * *."

Pursuant to R.C. 5101.31(A), *CSEA was created in the department of human services* to "establish and administer a program of child support enforcement." As a division of DHS, CSEA is obliged to collect support paid by DHS and thus

has the "real interest" necessary for standing.[3] This point was recently addressed in *State ex rel. Graham v. Graham* (June 22, 1995), Cuyahoga App. No. 67962, unreported, 1995 WL 371315:

"[T]his court has determined the CSEA's pecuniary interest in child support cases makes it a real party in interest. See *Vance v. Banks* (1994), 94 Ohio App.3d 475 [640 N.E.2d 1214]. See, also *Crittendon v. Crittendon* (1992), 82 Ohio App.3d 484 [612 N.E.2d 759]; R.C. 3111.07; R.C. 5107.07."

█ Where the mother has assigned rights to a government agency and suffers no loss, she is not a party in interest and therefore may not sue for collection of past support due. Under these circumstances either the government agency to whom the collection rights have been assigned or a division of that agency authorized to administer a program of child support enforcement has standing to bring such an action. In *Harris v. Whaley* (May 12, 1994), Cuyahoga App. No. 65913, unreported, 1994 WL 189143, this court held CSEA had properly brought an action and that it was not necessary to join DHS, since CSEA was a division of DHS.

It is unusual for the legislature to specify the duties for a division of an agency. Such a distinct identity, however, should not obscure CSEA's relationship to DHS: CSEA's power to collect child support flows, in part, from obligations of DHS to provide support. Although the legislature may have mandated very specific duties, so that CSEA appears to be a separate agency, the legislature still defined CSEA as "in" DHS.

An even broader perspective on this issue was provided in *Cuyahoga Cty. Support Enforcement Agency v. Lozada* (1995), 102 Ohio App.3d 442, 455, 657 N.E.2d 372, 380, which held as follows:

"[T]he state of Ohio has an interest in all child support actions by virtue of either the residential parent's assignment of rights as public assistance recipients or the interest in enforcing child support awards in order to protect and ensure the integrity of the public fisc."

Other districts have also held that CSEA may initiate actions to recover child support owed to the state. In *Campbell v. Campbell* (1993), 87 Ohio App.3d 48, 621 N.E.2d 853, the Wayne County Child Support Enforcement Agency was permitted to recover child support arrearage owed to the Department of Human Services.

---

3. CSEA, moreover, is not "merely an enforcement agency." Under certain circumstances CSEA is authorized to bring paternity actions in juvenile court. R.C. 3111.04.

Clearly the state has standing to collect child support arrearage in cases in which a parent receives ADC benefits. In the case at bar, the trial court should not have dismissed CSEA and proceeded without either CSEA or DHS.

The judgment is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

MATIA, P.J., concurs.

O'DONNELL, J., concurs in judgment only.