OPINION
{¶ 1} Appellant, Willard Smith, d.b.a. Nu Lube Plus, appeals the April 23, 2004 judgment entry, in which the Trumbull County Court of Common Pleas dismissed his complaint against appellee, Mighty Distributing of S.W., PA, Inc.
 {¶ 2} Appellant filed a complaint against appellee on June 30, 2003. Appellant alleged that in June 2002, appellee's agent entered into an agreement with him for the purchase of a used transmission flush machine ("the machine") valued at $2,000. In return, appellant was to receive a $2,000 credit to his account for future wholesale purchases of automotive products and equipment. According to appellant, after appellee removed the machine from appellant's premises, he was informed that appellee would not honor the credit as agreed by its agent.
 {¶ 3} On October 7, 2003, appellant filed a motion for default judgment against appellee for failing to file an answer. On December 12, 2003, at the first status conference, the trial court denied appellant's motion for default judgment and granted appellee sixty days leave to answer the complaint. On December 23, 2003, appellee filed a statement of credit, which stated that after appellee became aware of the lawsuit, it issued a $2,000 credit to appellant on July 14, 2003.[1] Thereafter, on January 26, 2004, appellee filed an answer to the complaint. On February 24, 2004, appellant filed a motion to strike appellee's answer pursuant to Civ.R. 11. On March 1, 2004, appellant filed a motion pursuant to Civ.R. 52 moving the trial court for findings of fact and conclusions of law.
 {¶ 4} On March 1, 2004, a hearing was held before a magistrate. On April 1, 2004, the trial court denied appellant's motion to strike appellee's answer. In a decision dated April 1, 2004, the magistrate recommended that appellant's complaint should be dismissed because it was without merit. Appellant filed objections to the magistrate's decision on April 13, 2004. In a judgment entry dated April 23, 2004, the trial court adopted the magistrate's decision in which the trial court entered judgment in favor of appellee and against appellant. It is from that entry that appellant timely filed the instant appeal and now assigns the following as error:
 {¶ 5} "[1.] The court erred to the prejudice of [appellant] by overruling [his Civ.R. 11] motion to strike the answer filed by Carrie Crocker on behalf of [appellee].
 {¶ 6} "[2.] The trial court erred to the prejudice of [appellant] by not finding that [appellee] was in default for failure to timely answer the complaint in the matter."
 {¶ 7} Appellant's assignments of error are interrelated and will be addressed in a consolidated manner. Under his first assignment of error, appellant claims that the trial court erred in overruling his motion to strike the answer filed by Carrie Crocker on appellee's behalf pursuant to Civ.R. 11. In the second assignment of error, appellant alleges that the trial court erred in not finding appellee in default for failing to timely file an answer to the complaint.
 {¶ 8} Civ.R. 11 states that:
 {¶ 9} "Every pleading, motion, or other document of a party * * * who is not represented by an attorney shall sign the pleading, motion, or other document and state the party's address. Except when otherwise specifically provided by these rules, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or pro se party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule, an attorney or pro se party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. Similar action may be taken if scandalous or indecent matter is inserted."
 {¶ 10} Here, appellant has not demonstrated that the trial court violated Civ.R. 11. There is no requirement in Civ.R. 11 barring an agent of a corporation from signing a document on behalf of the corporation that is appearing pro se. However, we note that appellee's attempts to defend against appellant's action, beginning with the filing of appellee's answer, were insufficient as a matter of law since they were undertaken by a non-attorney, Carrie Crocker. Ohio courts, including this court, have consistently held that pursuant to R.C. 1925.17, outside of small claims court, an individual, including a corporate officer, who is not an attorney, may not appear in court or maintain litigation in propria persona on behalf of a corporation. Union Sav. Assn. v. HomeOwners Aid, Inc. (1970), 23 Ohio St.2d 60, syllabus; Sheridan MobileVill., Inc., v. Larsen (1992), 78 Ohio App.3d 203, 205; Kruck v.Agile Equip. Distributors, Inc. (March 8, 1996), 11th Dist. No. 95-L-109, 1996 WL 200587, at 2. As a result, any filing by a non-attorney on a corporation's behalf is a nullity and may be stricken from the record. Union Sav. at 64; Palmer v. Westmeyer (1988), 48 Ohio App.3d 296, paragraph one of the syllabus.
 {¶ 11} The relief sought by appellant was that he be granted judgment in his favor in the amount of $2,000. Based on the record before us, appellant was issued a $2,000 credit by appellee on July 14, 2003, which he began using. Since the relief requested has been obtained, appellant's arguments are moot and it serves no further purpose and is no longer within the court's power nor is it disputed. State v. Elersic, 11th Dist. No. 2001-L-130, 2002-Ohio-6696, at ¶ 6.
 {¶ 12} Accordingly, in the absence of a justiciable controversy, appellant's assignments of error are not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed.
O'Neill, J., O'Toole, J., concur.
[1] The record reveals that appellant was issued a "Statement of Account" on August 29, 2003, which indicated that appellant had started using his credit with appellee as of that date. The statement showed a credit balance of $1,544.90 owed to appellant.