THE STATE EX REL. BROOKS, APPELLANT, *v.*
O'MALLEY, JUDGE, ET AL., APPELLEES.

[Cite as *State ex rel. Brooks v. O'Malley,*
117 Ohio St.3d 385, 2008-Ohio-1118.]

(No. 2007–2324—Submitted March 12, 2008—Decided March 19, 2008.)

---

**Per Curiam.**

{¶ 1} This is an appeal from the denial of a writ of prohibition to prevent a juvenile court judge and a magistrate from proceeding in a case of alleged child

neglect and dependency. Because the judge and magistrate do not patently and unambiguously lack jurisdiction to proceed and any claim of error can be raised by a motion to strike and an appeal, we affirm the judgment of the court of appeals.

{¶ 2} Appellant, Charisse Brooks, is the mother of two minor children who reside with her. Belinda Bailey, a social worker employed by the Cuyahoga County Department of Children and Family Services, filed a sworn complaint in the Cuyahoga County Court of Common Pleas, Juvenile Division, on behalf of the agency, alleging that Brooks's two minor children were neglected and requesting that the court grant custody of the children to the agency. Bailey is not an attorney. Appellees, Judge Thomas F. O'Malley and Magistrate Wayne Strunk of the juvenile court, preside over the cases.

{¶ 3} In November 2007, Brooks filed a complaint in the Court of Appeals for Cuyahoga County for a writ of prohibition to prevent Judge O'Malley and Magistrate Strunk from exercising jurisdiction in the neglect and dependency proceedings. Brooks alleged that the juvenile court lacked jurisdiction over the cases because the complaint, which was prepared and filed by a nonattorney on behalf of the agency, was a nullity. Brooks cited the dissenting opinion of an appellate case in support of her claim.

{¶ 4} Before the juvenile court judge and magistrate had responded to the prohibition complaint, the court of appeals denied Brooks's request for a writ of prohibition. The court of appeals held that the judge and magistrate did not patently and unambiguously lack jurisdiction to proceed in the cases and that Brooks had an adequate remedy in the ordinary course of law to raise her claim.

{¶ 5} In her appeal as of right, Brooks asserts that the court of appeals erred by in effect dismissing her prohibition action. Dismissal of the case is appropriate if, after presuming the truth of all of the material factual allegations of Brooks's complaint and making all reasonable inferences in her favor, it appears beyond doubt that Brooks could prove no set of facts entitling her to the requested extraordinary relief in prohibition. *State ex rel. Brady v. Pianka*, 106 Ohio St.3d 147, 2005-Ohio-4105, 832 N.E.2d 1202, ¶ 6. A court may dismiss a complaint sua sponte and without notice when the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶ 7.

{¶ 6} For prohibition claims, "unless jurisdiction is patently and unambiguously lacking, a tribunal having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy in the ordinary course of law by appeal." *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 16.

{¶ 7} For the following reasons, the juvenile court judge and magistrate do not patently and unambiguously lack jurisdiction in the underlying cases.

{¶ 8} First, the juvenile court has exclusive original jurisdiction over children who are alleged to be neglected or dependent. R.C. 2151.23(A)(1). The juvenile court also has exclusive original jurisdiction to determine the custody of any child not a ward of another state court. R.C. 2151.23(A)(2).

{¶ 9} Second, R.C. 2151.27(A) provides that "*any person* having knowledge of a child who appears * * * to be an unruly, abused, neglected, or dependent child may file a sworn complaint with respect to that child in the juvenile court of the county in which the child has a residence." (Emphasis added.) Juv.R. 10(A) similarly provides that "*[a]ny person* having knowledge of a child who appears to be * * * neglected [or] dependent * * * may file a complaint with respect to the child in the juvenile court of the county in which the child has a residence." (Emphasis added.) " 'Person' includes an individual * * * and the state or any of its political subdivisions, departments, or agencies." Juv.R. 2(BB). Both the Cuyahoga County Department of Children and Family Services and its employee who filed the complaint are persons generally authorized by these provisions to file complaints of child neglect and dependency.

{¶ 10} Third, it has been held that the "question of standing, that is, of who is a proper party to bring a complaint [pursuant to Juv.R. 10(A) and 2(BB)], is a procedural matter governed by the Rules of Juvenile Procedure." *State ex rel. Lamier v. Lamier* (1995), 105 Ohio App.3d 797, 801, 664 N.E.2d 1384.

{¶ 11} Fourth, insofar as Brooks claims that R.C. 2151.27(A) is unconstitutional, "[c]onstitutional challenges to legislation are generally resolved in an action in a common pleas court rather than in an extraordinary writ action." *Rammage v. Saros*, 97 Ohio St.3d 430, 2002-Ohio-6669, 780 N.E.2d 278, ¶ 11. In addition, "[l]egislative enactments are presumed to be constitutional." *McCrone v. Bank One Corp.*, 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, ¶ 20.

{¶ 12} Fifth, the cases cited by Brooks in support of her prohibition claim concerning the unauthorized practice of law were all resolved in the ordinary course of law instead of in an action for an extraordinary writ. See *State ex rel. Banc One Corp. v. Walker* (1999), 86 Ohio St.3d 169, 172, 712 N.E.2d 742.

{¶ 13} Based on the foregoing, Judge O'Malley and Magistrate Strunk do not patently and unambiguously lack jurisdiction over the child-neglect and dependency cases. Brooks has adequate remedies to raise her claim in the ordinary course of law by motions to strike the complaint and appeals from any adverse judgments. See, generally, *Union Sav. Assn. v. Home Owners Aid, Inc.* (1970), 23 Ohio St.2d 60, 52 O.O.2d 329, 262 N.E.2d 558 (affirming the striking of a petition filed by a nonattorney corporate officer on behalf of a corporation); *State v. Block*, Cuyahoga App. No. 87488, 2007-Ohio-1979, 2007 WL 1219292, ¶ 6 ("As

an appropriate remedy a court may strike a filing by a non-attorney"); *Smith v. Mighty Distrib. of S.W., PA, Inc.,* Trumbull App. No. 2004–T–0056, 2005-Ohio-1689, 2005 WL 820535, ¶ 10 ("any filing by a non-attorney on a corporation's behalf is a nullity and may be stricken").

{¶ 14} Therefore, we affirm the court of appeals' denial of Brooks's prohibition claim. By so holding, we express no opinion on the merits of the underlying issues, including the applicability of our decisions in cases involving the unauthorized practice of law, see, e.g., *Dayton Supply & Tool Co., Inc. v. Montgomery Cty. Bd. of Revision,* 111 Ohio St.3d 367, 2006-Ohio-5852, 856 N.E.2d 926, because our jurisdiction is limited to a determination of whether the juvenile court judge and magistrate *patently and unambiguously* lack jurisdiction to proceed. *State ex rel. Wellington v. Kobly,* 112 Ohio St.3d 195, 2006-Ohio-6571, 858 N.E.2d 798, ¶ 30.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Lester S. Potash, for appellant.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Renée A. Bacchus, Assistant Prosecuting Attorney, for appellee.