**The STATE, ex rel. MORGAN COUNTY DEPARTMENT OF HUMAN SERVICES, Appellant, et al.,**

**v.**

**RODDY, Appellee.**

[Cite as *State, ex rel. Morgan Cty. Dept. of Human Services, v. Roddy* (1991), 63 Ohio App.3d 575.]

Court of Appeals of Ohio,
Morgan County.

No. CA–90–9.

Decided May 23, 1991.

---

**4.** Am.Sub.S.B. No. 1 includes such amendments to fees paid by the public. See, *e.g.,* R.C. 4503.182 as amended, 142 Ohio Laws, Part I, 16–17. In regard to these fees, the legislature simply raised the public fee ten cents and made it payable to the fund. There is no explanation why this could not be done with the fee in question.

*Richard L. Ross*, Prosecuting Attorney, and *Patrick J. Howard*, Assistant Prosecuting Attorney, for appellants.

*Frank Irvin Roddy, Jr., pro se.*

GWIN, Judge.

Plaintiff, Morgan County Department of Human Services ("appellant"), appeals the judgment entered in its favor and against defendant, Frank Irvin Roddy, Jr. ("appellee"), in the amount of $800 representing reimbursement for AFDC payments received by Dorathea Mae Roddy from appellant during the periods commencing January 1988 through September 1, 1990. Appellant assigns the following as error:

"Assignment of Error No. I

"The trial court erred in awarding judgment for AFDC arrearages in an amount less than the actual amount of AFDC aid advanced to the recipient when no factual basis existed to substantiate any decrease in the judgment awarded for AFDC arrearages.

"Assignment of Error No. II

"The trial court erred in applying the general provision of R.C. 3103.03 in determining an award for AFDC arrearages instead of applying the special provision of R.C. 5107.04(C).

"Assignment of Error No. III

"The trial court erred in applying the general provision of R.C. 3103.03 in determining an award for AFDC-related Medicaid arrearages instead of applying the special provision of R.C. 5101.59(A)."

On September 26, 1989, appellant filed a complaint in the Morgan County Court of Common Pleas seeking a court order for reimbursement of $6,668 (this amount was later increased to $7,902) in AFDC payments advanced to Dorathea Roddy for the care and support of herself and her children from January 1988 through September 28, 1989, pursuant to R.C. 5107.04(C). That section provides in pertinent part:

"The county department of human services shall take action to recover erroneous payments, which may include instituting a civil action. Whenever aid has been furnished to a recipient for whose support another person is responsible such other person shall, in addition to the liability otherwise imposed, as a consequence of failure to support such recipient, be liable for all aid furnished to such recipient."

Appellant also sought reimbursement of $1,400.25 representing Medicaid payments made for birth expenses of Shayne Roddy, the natural child of appellee and Dorathea Roddy. Lastly, the complaint sought an order that appellee pay child support and provide medical insurance for his and Dorathea's natural minor children Shayne Roddy and Frank Irvin Roddy III.

The trial court referred this matter to the referee, who conducted a hearing and made the following factual findings:

"(1) Defendant is the natural father of Shayne Anthony Roddy and Frank Irvin Roddy, III, born as issue of the marriage existing between Plaintiff Dorathea Mae Roddy and Defendant on June 29, 1983 and February 22, 1985 respectively;

"(2) Plaintiff Dorathea Mae Roddy and Defendant separated on November 24, 1986;

"(3) Plaintiff Dorathea Mae Roddy began receiving AFDC payments from Plaintiff Morgan County Department of Human Services in January of 1988;

"(4) From January of 1988 through January 1, 1990, Plaintiff Dorathea Mae Roddy has received the total amount of Seven Thousand, Nine Hundred Two Dollars ($7,902.00) in AFDC payments from Plaintiff Morgan County Department of Human Services;

"(5) Defendant was employed sporadically during the years of 1988 and 1989, receiving approximately Five Thousand Dollars ($5,000.00) in wages and unemployment insurance benefits in 1989;

"(6) Defendant failed to file an Answer to the Complaint filed against him herein; and

"(7) Based upon the incomes of the Parties, the Uniform Child Support Guidelines adopted by the Ohio Legislature indicate that Defendant should pay the amount of between zero dollars ($0.00) and Twenty Five–Dollars ($25.00) per month as and for the support and care of the Parties' minor children."

From those findings of fact, the referee recommended judgment be granted in favor of appellant and against appellee in the amount of $4,651.13, which amount represented one half of the total amount of AFDC payments received by plaintiff Dorathea Mae Roddy from appellant during the period in question. The referee further recommended appellee be ordered to pay the nominal amount of $5.75 per week per child plus poundage for the support and care of Shayne Roddy and Frank Irvin Roddy III. No objections to the referee's report were filed pursuant to Civ.R. 53(E)(2).

On August 30, 1990, after finding the referee's findings of fact sufficient for independent analysis, the trial court entered judgment in favor of appellant and against appellee in the amount of $800, which amount represented reimbursements for AFDC payments received by Dorathea Roddy during the period in question, and ordered appellee to pay $5.75 per week per child plus poundage for support and care of Shayne Roddy and Frank Irvin Roddy III.

## Assignment of Error Nos. II and III

Through its second and third assignments, appellant claims the trial court erred in applying the general provision of R.C. 3103.03 [1] and in its determination of an award for AFDC-related Medicaid arrearages, respectively.

A review of the foregoing facts clearly indicates that appellant sought through its complaint reimbursement of $7,902 for AFDC payments advanced

---

1. R.C. 3103.03 provides that a "parent of a minor child must support his or her minor children out of his or her property or by his or her labor."

to Dorathea Roddy for care and support of herself and her children. Appellant also sought $1,400.25 for AFDC-related Medicaid arrearages. The total amount sought by appellant was $9,302.25.

In its findings of fact, the referee specifically found that Dorathea Roddy had received $7,902 in AFDC payments. Notably, the referee made no findings as to the amount of AFDC-related Medicaid payments made to Dorathea Roddy.

Nevertheless, the referee calculated that the total amount of AFDC payments received by Dorathea Roddy was in the amount of $9,302.25. The referee then applied R.C. 3103.03, finding that both Dorathea Roddy and appellee were jointly responsible for the support of their minor children and thereby ordered appellee to pay only one half of the total amount of the AFDC payments the referee concluded were received by Dorathea Roddy.

■ When comparing the recommendations of the referee's report to its findings of fact, it is apparent on the face of the report that the referee failed to make a specific finding as to the AFDC-related Medicaid arrearages in the amount of $1,400.25. See Civ.R. 53(E)(5).

■ Furthermore, it is apparent on the face of the referee's report that it improperly applied the general statute of R.C. 3103.03 where the specific statute of R.C. 5107.04(C) applied to this matter. See R.C. 1.51, wherein the legislature has mandated that the general provisions of the Revised Code be subservient to specific provisions.

Accordingly, we sustain the second and third assignments, vacate the judgment below as it relates to the total amount of AFDC payments, and remand this cause to the court with instructions to make appropriate findings as to the amount of AFDC-related Medicaid arrearages and for that court to enter judgment according to R.C. 5107.04.

## Assignment of Error No. I

■ Through its first assignment, appellant claims that the trial court erred in awarding appellant $800 for AFDC arrearages where the evidence and the findings of fact clearly indicated arrearages in the amount of $9,302.25. We agree.

As previously stated, the referee concluded that Dorathea Roddy had received a total of $9,302.25 in AFDC payments from appellant. This conclusion clearly demonstrated that the referee failed to make the specific finding with respect to the $1,400.25 in AFDC-related Medicaid arrearages.

Nonetheless, we are puzzled by the trial court's arbitrary award in favor of appellant in the amount of $800, which amount represented reimbursement

for total AFDC payments when the referee specifically found that $7,902 was the actual amount of AFDC payments received by Dorathea Roddy.

R.C. 5107.04 specifically mandates that appellee be liable for *all* aid furnished to Dorathea Roddy.

Accordingly, we vacate the trial court's $800 award in favor of appellant and against appellee for reimbursement of AFDC payments received by Dorathea Roddy and remand this cause to that court with instructions that it apply the specific provisions of R.C. 5107.04(C).

This assignment of error is sustained.

For the foregoing reasons, the judgment entered in the Morgan County Court of Common Pleas with respect to the total amount of AFDC payments received by Dorathea Roddy from appellant is vacated, and we remand this cause to that court with instructions that it make proper findings of fact as to the amount of AFDC payments advanced to Dorathea Roddy and enter judgment against appellee and in favor of appellant under the specific provisions of R.C. 5107.04(C). In all other respects, the judgment of the Morgan County Court of Common Pleas is hereby affirmed.

*Judgment accordingly.*

PUTMAN, P.J., and WILLIAM B. HOFFMAN, J., concur.