GILPEN; Fayette County Department of Human Services, Appellant,

v.

JUSTICE, Appellee.

[Cite as *Gilpen v. Justice* (1993), 85 Ohio App.3d 86.]

Court of Appeals of Ohio,
Fayette County.

No. CA92–03–008.

Decided Jan. 19, 1993.

*Steven H. Eckstein,* for appellant.

*James A. Kiger,* for appellee.

JONES, Presiding Judge.

Plaintiff-appellant, Fayette County Department of Human Services ("department"), appeals a judgment of the Fayette County Court of Common Pleas, Juvenile Division, ordering defendant-appellee, Gary Lee Justice, to reimburse the department for public assistance payments. The department contends that the ordered reimbursement was for an amount substantially less than it is entitled to receive.

The record indicates that Barbara Gilpen is the mother of three children born out of wedlock. One of the children, Jeffrey, was born January 19, 1984. On September 26, 1990, appellee was adjudicated the father of Jeffrey in a paternity proceeding in the juvenile court.

Between the time of Jeffrey's birth and the paternity adjudication, and, thereafter, Gilpen received funds from the department in the form of Aid to Families with Dependent Children ("AFDC"). In conjunction with the paternity proceeding, the department sought repayment of those funds from appellee pursuant to R.C. 5107.04.

A hearing was conducted on December 17, 1991. At the hearing, the department submitted a list of the payments made to Gilpen. Only two payments listed related to Jeffrey alone, each in the amount of $173. In addition, the department expended $4,254 for the confinement and birth expenses relating to Jeffrey. The remainder of the payments were not specifically allocated to Jeffrey, each indicating only a single sum to Gilpen for her expenses as caretaker and for the support of one or more of her children.

In an entry filed February 27, 1992, the juvenile court found appellee liable for reimbursement of the two payments allocated specifically to Jeffrey, a total of $346. It also found appellee liable for the birth and confinement expenses pursuant to R.C. 3111.13(C). The court found that appellee was not liable for reimbursement of all other sums, including Gilpen's "caretaker's support," concluding that appellee had no duty to support the other two children and no duty to support Gilpen pursuant to the provisions of R.C. 3101.03. The court ordered appellee to pay Gilpen $50 per month in child support.

The department brings the instant appeal, setting forth the following sole assignment of error:

"The trial court erred in awarding judgment for AFDC arrears in an amount less than the actual amount of AFDC advanced to a recipient when no basis existed to substantiate any decrease in the judgment awarded for AFDC arrears."

The department argues that the juvenile court should have required appellee to repay Gilpen's caretaker's support as it related to Jeffrey, and to pay Jeffrey's *pro rata* share of the unallocated child care expenses. We begin with the issue of the caretaker's support.

Under Ohio law, it is the court, and not the Department of Human Services, that is charged with determining child support and related payments. Pursuant to R.C. 3111.13(C), governing judgment in a parentage action, the juvenile court is empowered to enter provisions "directed against the appropriate party to the proceeding, concerning the duty of support, the furnishing of bond or

other security for the payment of the judgment, or any other matter in the best interest of the child." See, also, *Bobo v. Jewell* (1988), 38 Ohio St.3d 330, 528 N.E.2d 180; *McClure v. Woods* (July 23, 1990), Fayette App. No. CA89–12–033, unreported, 1990 WL 102362. A father's duty of support must be determined in light of R.C. 3103.03, which provides in part as follows:

"(A) Each married person must support himself or herself and his or her spouse out of his or her property or by his or her labor. If a married person is unable to do so, the spouse of the married person must assist in the support so far as the spouse is able. The biological or adoptive parent of a minor child must support his or her minor children out of his or her property or by his or her labor."

Thus, as is evident from the language of R.C. 3103.03(A), a father's duty extends only to his children and his spouse. There is no provision for the support of a person who is the mother of a child but who is not the spouse of the other parent.

The department, however, cites R.C. 5107.04(C) for the proposition that the father must repay all sums expended for the support of the mother and child including caretaker's support. R.C. 5107.04(C) provides the following:

"The county department of human services shall take action to recover for erroneous payments, which may include instituting a civil action. Whenever aid has been furnished to a recipient for whose support another person is responsible such other person shall, in addition to the liability otherwise imposed, as a consequence of failure to support such recipient, be liable for all aid furnished to such recipient. The value of the aid so furnished may be recovered in a civil action brought by the county department."

The language of R.C. 5107.04 fails to support the department's position. As appellee notes, that section merely requires the repayment of funds expended "to a recipient for whose support another person is responsible." Reading this language in conjunction with the above-quoted portion of R.C. 3103.03, it is evident that Gilpen is not a person for whom appellee is responsible.

In support of its position, the department further cites *State ex rel. Morgan Cty. Dept. of Human Serv. v. Roddy* (1991), 63 Ohio App.3d 575, 579 N.E.2d 538. In *Roddy*, a husband and wife had two minor children. The Department of Human Services had expended funds for the support of the mother and the children during a period that the father paid no support. The Department of Human Services brought suit against the father for repayment, and the court held that, pursuant to R.C. 5107.04, the father was liable for the entire amount.

The instant case is readily distinguishable from *Roddy*. As the trial court properly noted, Gilpen and appellee, unlike the mother and father in *Roddy*, were

never married. As such, the obligation of husband and wife to support each other as set forth in R.C. 3103.03 never came into being. Therefore, unlike the mother in *Roddy,* Gilpen was never a person for whom appellee was responsible within the meaning of R.C. 5107.04.

The department also cites cases from other jurisdictions holding that caretaker's support is inextricably linked to child support in that the household as a unit is benefited. See, *e.g., Wellman v. Dept. of Human Serv.* (Me.1990), 574 A.2d 879; *State ex rel. Southwell v. Chamberland* (Minn.1985), 361 N.W.2d 814. In these cases, the courts found liability for both caretaker's support and the child support payments.

We do not find these authorities to be persuasive. While the caretaker's support may incidentally assist in the support of the children, it is nonetheless designated as, and intended to be, support for the caretaker and not the child. Under Ohio law, there is simply no duty of support to such caretaker absent a husband-wife relationship. Further, we note the injustice and inconsistency that would exist if the father of a child were required to pay caretaker's support for the mother simply because she received AFDC, while the father of a child whose mother did not receive AFDC would not be liable for such payments. In short, we find that the trial court properly denied reimbursement for the caretaker's support received by Gilpen.

■ We turn now to the question of the child support payments not specifically allocated for Jeffrey. The department does not contend that appellee owes support to any child other than Jeffrey. It does contend, though, that the portion of the payment intended for Jeffrey can be determined by dividing each payment by the number of recipients of such payments. In this manner, it argues, the support owed to Jeffrey can be calculated.

We refuse to accept such an approach. First, as appellee is not liable for caretaker's support, that portion would have to be deducted from the total of the AFDC payments. However, because the payments did not differentiate between caretaker's support and child support, such deduction would be impossible. Second, the department has not demonstrated that the payments allocated to each child were equal. On the contrary, the juvenile court found that, based upon the AFDC payment standards admitted into evidence, there was no showing of such equality. Under these circumstances, the juvenile court had no basis upon which to determine the amount of the payments for the support of Jeffrey, and we find no error in the court's refusal to assess unallocated payments against appellee.

The department's final argument is that the juvenile court erred in considering appellee's financial circumstances in its decision. The department contends that,

pursuant to R.C. 5107.04 and *Roddy,* the obligor must pay all arrearages regardless of his financial condition.

We find no error in the juvenile court's decision. The court did not consider appellee's financial status with respect to the amount assessed under R.C. 5107.04. The court ordered payment of the entire amount that the department was able to prove to be allocated to Jeffrey. There is no indication in the judgment entry that appellee's financial condition resulted in any reduction with respect to such arrearages.

The juvenile court did consider appellee's finances as they related to the determination of future support payments. This consideration is specifically required by R.C. 3111.13(E), which states that the court, in determining support, shall consider all relevant factors including:

"(2) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the parents been married;

"(3) The relative financial resources, other assets and resources, and needs of each parent;

"(4) The earning ability of each parent[.]"

Thus, the court properly considered appellee's income and related factors in ordering child support of $50 per month.

Accordingly, the department's sole assignment of error is overruled, and the judgment of the juvenile court is affirmed.

*Judgment affirmed.*

KOEHLER and WILLIAM W. YOUNG, JJ., concur.