**BRIGHTWELL et al., Appellants,**

v.

**EASTER, Appellee.**

**MARTIN et al., Appellants,**

v.

**CRAWFORD, Appellee.**

[Cite as *Brightwell v. Easter* (1994), 93 Ohio App.3d 425.]

Court of Appeals of Ohio,
Summit County.

No. 16356.

Decided March 9, 1994.

*Lynn Slaby,* Summit County Prosecuting Attorney, and *Michelle A. Fink,* Assistant Prosecuting Attorney, Child Support Enforcement Agency, for appellants.

*Luther M. Easter, pro se.*

*Randall Bernard Crawford, pro se.*

REECE, Presiding Judge.

Plaintiff-appellant, the state of Ohio, appeals the judgment of the Juvenile Division of the Summit County Common Pleas Court that it was not entitled to compensation for all public assistance furnished as support of the defendants-appellees' minor children pursuant to R.C. 5107.04. We reverse.

The state appeals from four complaints to establish paternity of the minor children. Each complaint included a request for an order for current child support of each child and a judgment for all medical expenses resulting from the pregnancy as well as past support the state furnished the child. The complaint against the defendant-appellee, Randall Crawford, was brought by the state and Cheryl Martin, the mother of the minor child. The complaint against the defendant-appellee, Luther Easter, was brought by the state and Dawn Brightwell, the mother of Easter's three minor children. Martin and Brightwell are parties to this appeal.

Both Crawford and Easter admitted at separate hearings before a referee that they had fathered the respective children. At each hearing, the state presented evidence to establish the support it had paid for the children and the cost of the pregnancies. In Crawford's case, the state had expended $8,925.29 for support of his child and pregnancy costs. In Easter's case, the state expended $23,510.62 for these items.

The referee recommended that Crawford pay $15 per week in current support and that his past support owed be determined by using the amount of current support for the ninety-three weeks of his child's life. Accordingly, the referee recommended that Crawford pay $1,395 for the child's past support and one-fourth of the costs associated with birth, $1,132.82. Further, the referee found that these payments should be satisfied when Crawford received steady employment. In a separate proceeding, the referee recommended the same formula be followed in Easter's case.

The state filed objections to the referee's report in these cases. The juvenile court overruled these objections, finding that it did not have jurisdiction to order reimbursement of the funds expended. The state appeals, raising two assignments of error which we shall combine for purposes of analysis.[1]

■ The state asserts that the juvenile court erred in refusing to grant it a judgment for the full amount of the unpaid support and medical expenses in these cases. At the core of the juvenile court's decision that it could not order full reimbursement of these expenses was its finding that it did not have jurisdiction to enforce R.C. 5107.04. We disagree.

R.C. 5107.04(C) provides:

"(C) * * * Whenever aid had been furnished to a recipient for whose support another person is responsible such other person shall, in addition to the liability otherwise imposed, as a consequence of failure to support such recipient, be liable for all aid furnished to such recipient. The value of the aid so furnished may be recovered in a civil action brought by the county department [of human services]."

In this case, the state brought its paternity actions pursuant to R.C. 3111.01 to 3111.19. R.C. 3111.06 grants the juvenile court original jurisdiction in a paternity action under R.C. 3111.01 *et seq.* unless an action for divorce, dissolution, or legal separation has been filed in the court of common pleas, which did not occur in this case. Further, R.C. 2151.23(B)(2) provides that the juvenile court has original jurisdiction to hear paternity actions brought pursuant to R.C. 3111.01 *et seq.*

An action brought pursuant to R.C. 3111.01 *et seq.* is a civil action. R.C. 3111.08(A). Thus, the paternity action in this case is a civil action in which the state is authorized to seek reimbursement for such aid furnished to a child as a consequence of a parent's failure to fulfill his duty to support. R.C. 3111.15(A) provides that the father's obligation may be enforced by the public authority that has furnished the reasonable expenses of pregnancy and support in the same action that determined parentage. R.C. 3111.13(C) provides that the judgment

---

1. The appellees, Crawford and Easter, did not file briefs in this case.

establishing paternity may contain any other provision "concerning the duty of support" and "shall direct the father to pay all or any part of the reasonable expenses of the mother's pregnancy and confinement."

Reading these statutes together, it is clear that the juvenile court has jurisdiction to decide an action for aid furnished a child pursuant to R.C. 5107.04. See *Gilpen v. Justice* (1993), 85 Ohio App.3d 86, 619 N.E.2d 94. R.C. 5107.04 permits the state to bring a civil action for repayment of such aid. A paternity action pursuant to R.C. 3111.01 *et seq.* is a civil action. R.C. 3111.08. It is clear that these actions must be brought in the juvenile court, subject to an exception that does not apply in these cases. R.C. 3111.06; R.C. 2151.23. The juvenile court is authorized to include any provision "concerning the duty of support" in its order, and it must include an award for a portion of pregnancy expenses. R.C. 3111.13(C). Finally, the father's obligation may be enforced in the same action as the paternity determination. R.C. 3111.15(A). Thus, based on this statutory scheme and for purposes of judicial economy, a juvenile court has jurisdiction to consider the issue of any unpaid aid when it determines paternity. See *Resor v. Young* (July 1, 1983), Huron App. No. H–83–1, unreported, 1983 WL 6854, citing *Weaver v. Chandler* (1972), 31 Ohio App.2d 243, 249–250, 60 O.O.2d 405, 408–409, 287 N.E.2d 917, 921–922, and *Baugh v. Carver* (1981), 3 Ohio App.3d 139, 3 OBR 157, 444 N.E.2d 58. While the cases cited in *Resor* construed R.C. 3111.17, which is now repealed, the import of that section was carried into R.C. 3111.13(C) and 3111.15(A). *Resor, supra.*

■ Finding that the juvenile court has authority to enforce R.C. 5107.04, we next consider whether the court may award only a portion of the past aid that a child received. The language of R.C. 5107.04 plainly states that a father who is responsible for his child's support "shall * * * be liable for all aid furnished" to his child as a consequence of his failure to support the child. This court has stated that a parent has a responsibility to reimburse the state for "all aid furnished" under R.C. 5107.04, *State ex rel. Summit Cty. v. Jones* (Oct. 21, 1987), Summit App. No. 13104, unreported, at 3, 1987 WL 14622, as has the Fifth District Court of Appeals, *State ex rel. Morgan Cty. Dept. of Human Services v. Roddy* (1991), 63 Ohio App.3d 575, 580, 579 N.E.2d 538, 541.

The juvenile court seems to have relied on portions of R.C. 3111.13 to determine that it could award less than the full amount of aid furnished under R.C. 5107.04. However, R.C. 5107.04 is a statute of specific application to cases in which a father fails to support a child who receives public assistance. R.C. 3111.13 applies a general rule for determining support which may be used in a paternity action. R.C. 1.51 provides that a statute of specific application must be given effect over a more general section of the code. Accordingly, the trial court

erred in awarding an amount less than "all aid furnished" to Easter's and Crawford's children.

■ The state also argues that the court should have reduced the aid furnished in this case to a judgment. A father's liability to reimburse the state for aid given to his child is mandatory under R.C. 5107.04. R.C. 3111.13(C) and 3111.15(A) permit an action for support to be heard in the paternity determination. It would be a waste of judicial resources to require two actions, one to determine paternity, the other to enter a judgment for aid furnished, when both actions can and should be brought in the same civil suit.

■ Further, under Ohio law a payee of child support has a right to have all past due and delinquent payments reduced to a lump sum judgment on which execution may be levied. In part, this rule recognizes that past due child support can be reduced to a judgment because it is not modifiable after it becomes past due. *Smith v. Smith* (1959), 168 Ohio St. 447, 450–451, 7 O.O.2d 276, 277–278, 156 N.E.2d 113, 115–117. An award for reimbursement of aid given to a child pursuant to R.C. Chapter 5107 is likewise not modifiable. R.C. 5107.04 provides that the state shall receive from the father all aid it furnishes. Thus, the amount the father must pay under R.C. 5107.04 is not modifiable, and it should be reduced to a lump sum judgment to be paid by Easter and Crawford in this case.

The state's first and second assignments of error are well taken. The trial court's judgment is reversed and the cause is remanded to the juvenile court with instructions that it apply R.C. 5107.04(C) in each of these cases and award a judgment for all aid furnished to the children and for their mothers' pregnancy expenses.

*Judgment accordingly.*

BAIRD and QUILLIN, JJ., concur separately.

BAIRD, Judge, concurring separately.

While I agree with the majority, I write separately only to point out the existence of R.C. 3111.07(B), which provides that a county department of human services may intervene in a paternity action to recover for support furnished to the child. The trial court found this provision to be of no significance because the department of human services was an original party in these cases, rather than an intervenor. It seems to me that this statutory wording constitutes a recognition of the fact that the department of human services could not bring a paternity action itself, but that it ought to be able to join one brought by the mother. Thus, the distinction made by the trial court is unwarranted, since the result ought to be the same whether the department of human services joins the mother's suit the day it is filed, or whether it waits till the next day to intervene.

The statute clearly provides jurisdiction for the juvenile court to award relief to a department of human services in paternity proceedings brought by the mother.

QUILLIN, J., concurs in the foregoing concurring opinion.