CUYAHOGA SUPPORT ENFORCEMENT AGENCY, Appellant,

v.

COOTS; Dawson, Appellee.

[Cite as *Cuyahoga Support Enforcement Agency v. Coots* (1994), 99 Ohio App.3d 489.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67563.

Decided Dec. 27, 1994.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Alison Little,* Assistant Prosecuting Attorney, for appellant.

*Lisa Coots, pro se.*

*James Dawson, pro se.*

*Per Curiam.*

This appeal was filed and briefed as an accelerated case pursuant to App.R. 11.1 and Loc.R. 25 of this court. Appellant, the state of Ohio, through the Cuyahoga County Support Enforcement Agency and the Department of Human Services, appeals the decision of the Cuyahoga County Court of Common Pleas, Juvenile Division. Appellant filed a complaint against appellee, James Dawson, for past support and care of appellee's minor child.

The facts are undisputed that the Department of Human Services ("the department") paid a total of $8,550 for past support and care of appellee's minor child. The court ordered that appellee be liable for only $3,000 of the $8,550, based on the referee's recommendation. The referee's recommendation was based on the fact that appellee's present support order of $50 per month plus two

percent poundage would be exceeded by $6,565 if the total amount of past support and care as requested by the state is allowed to stand.

The only issue before us is whether appellee is required by law to pay the value of "all aid" in past care and support for his minor child expensed by the department. We answer that question in the affirmative. R.C. 5107.04(C) states as follows:

"The county department of human services shall take action to recover erroneous payments, which may include instituting a civil action. Whenever aid has been furnished to a recipient for whose support another person is responsible such other person shall, in addition to the liability otherwise imposed, as a consequence of failure to support such recipient, be liable for all aid furnished to such recipient. The value of the aid so furnished may be recovered in a civil action brought by the county department."

The statute is clear in its intent and purpose. A party who is adjudged responsible for the support of a child recipient is bound by law to pay "all aid" furnished by the department "as a consequence of failure to support such recipient." *Id.* The duty to pay for past support is not tied to the present order of support because it is to be paid "in addition to the liability otherwise imposed." *Id.* When the value of past support and care of an aid recipient is established by clear and convincing evidence, the trial court cannot reduce such liability to a lesser amount. See *Morgan Cty. Dept. of Human Serv. v. Roddy* (1991), 63 Ohio App.3d 575, 579 N.E.2d 538.

In the instant case, since the referee did not find fault with the value of support as presented by the department, the reduction to an amount less than that presented and admitted into evidence and the reason for such reduction are legally defective and therefore reversible.

The judgment of the trial court is reversed and judgment is entered for the department in the amount of $8,550.

*Judgment reversed.*

SPELLACY, P.J., HARPER and DYKE, JJ., concur.