DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Lori A. and Jerry D. Meadows were married on May 15, 1976. Nicole Suzette Meadows was born as issue of the marriage on November 21, 1977. On December 5, 1984, Lori filed a complaint for divorce in the Division of Domestic Relations of the Summit County Court of Common Pleas. On November 27, 1985, the trial court entered its judgment and decree of divorce. The trial court granted custody of Nicole to Lori, and ordered Jerry to pay child support in the amount of $50.00 per week. Jerry had fallen behind in his child support obligation prior to the date of the divorce as well as subsequent to the divorce. On November 19, 1992, Lori and Jerry entered into a consent judgment. Lori agreed to release Jerry from judgments in her favor for child support arrearages that were personal to her and not assigned to the Ohio Department of Human Services ("ODHS") in exchange for Jerry's interest in the marital home, which Jerry was to convey to Lori by quit-claim deed. This consent judgment also increased Jerry's future child support obligation to $58.75 per week.
On November 4, 1996, the trial court issued a "Child Support Escrow and Termination Hearing Order," notifying the parties of a termination hearing and instructing them to bring certain financial documents to the hearing. On November 25, a hearing was held before a magistrate. Lori, Jerry, and Ruth Capitos, a representative of the Child Support Enforcement Agency ("CSEA") were present at the hearing. Capitos stated that Jerry owed ODHS $20,889.94. Lori waived any arrearages owed her. The magistrate stated while Lori was free to waive arrearages owed to her, the court could not "give away the Department of Human Services' money." Jerry stated that the above amount was in error due to the consent judgment entered into by Lori and Jerry in 1992. In response to Jerry's statement, Capitos stated:
 Okay. And, at that time, Mrs. Meadows said she doesn't — didn't owe any arrearage. At that time, she was — the Department of Human Services was owed and still owed all this money. Where she can't — she can waive her arrears, like she did today, but she can't waive any money that's due the Department of Human Services.
On December 9, 1996, the magistrate issued his proposed decision, which recommended terminating support for Nicole and granting judgment in favor of ODHS and against Jerry in the amount of $20,889.94. On that same date, the trial court adopted and incorporated the magistrate's decision. On December 23, 1996, Jerry filed his objections to the magistrate's proposed decision. In these objections, Jerry alleged that the trial court merely "rubber stamped" the magistrate's decision. Both Lori and Jerry submitted affidavits with Jerry's objections. In her affidavit, Lori states that the only payments she received through CSEA were "for the approximately fifty-nine week period from January 22, 1990, through March 18, 1991, for a total of payments of approximately two-thousand nine-hundred fifty dollars ($2,950.00)."
Both Lori and Jerry state in their affidavits that:
 Prior to the termination hearing before the Magistrate on November 25, 1996, I spoke by telephone with CSEA agent Pauline Fuime, who told me that this was merely a routine hearing for which no attorneys would be necessary.
On January 28, 1997, the trial court overruled Jerry's objections. Jerry appeals, assigning one error. We affirm.
Jerry's sole assignment of error states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN ADOPTING THE MAGISTRATE'S REPORT OVER DEFENDANT'S OBJECTIONS AND IN AWARDING THE OHIO DEPARTMENT OF HUMAN SERVICES $20,889.94 IN ALLEGED CHILD SUPPORT ARREARAGES, WHERE THE EVIDENCE CONCLUSIVELY ESTABLISHED THAT SUCH AN AMOUNT WAS IN ERROR, AND WHERE APPELLANT WAS NOT GIVEN PRIOR NOTICE AND AN OPPORTUNITY TO PRESENT EVIDENCE TO REBUT SUCH A LARGE AMOUNT OF CLAIMED ARREARAGE.
The assignment of error raises two issues: due process and the amount of arrearage owed to ODHS. We will address each issue separately.
 A. Due Process
The November 4, 1996 "Child Support Escrow and Termination Hearing Order" stated the following:
 CHILD SUPPORT ARREARAGE WILL BE DETERMINED AT THE HEARING AND THE COURT MAY GRANT A JUDGMENT FOR ARREARAGE ACCRUED BEFORE THE TERMINATION DATE. IF YOU (OBLIGOR) CLAIM TO HAVE MADE PAYMENTS DIRECTLY TO THE OBLIGEE OR ANY OTHER PAYMENTS WHICH SHOULD BE CREDITED AGAINST THE ARREARAGE. YOU MUST PRESENT EVIDENCE AT THE HEARING OF THE PAYMENTS YOU HAVE MADE. THE REFEREE WILL DETERMINE WHETHER YOU ARE ENTITLED TO A CREDIT.
(Emphasis sic.) In addition, the order instructed Lori and Jerry to bring various financial documents, including pay stubs, income tax returns and "[a]ny other information necessary to properlyreview the child support Order." (Emphasis added.) At the hearing, however, Jerry presented no evidence to counter the CSEA's evidence that he still owed ODHS for aid provided to Lori on behalf of his daughter Nicole.
In his affidavit submitted with his objections to the magistrate's proposed decision, Jerry asserts that he contacted the CSEA and was informed that the termination hearing was "merely a routine hearing for which no attorneys would be necessary" and that he was not "given any prior notice of the amount of arrearages that were claimed by the CSEA at the hearing, nor [sic] any notice that any claim for arrearages would be made by CSEA at the hearing." Jerry further asserts in his affidavit that he was unable to effectively present objections or evidence to refute the claimed arrearages because of lack of notice of the arrearages and the absence of an attorney.
Due process requires, at a minimum, that a deprivation of life, liberty or property by adjudication be preceded by notice and an opportunity for a hearing. In re Guardianship of Jadwisiak
(1992), 64 Ohio St.3d 176, 182-183. The right to notice and opportunity to be heard must be granted at a meaningful time and in a meaningful manner. Armstrong v. Manzo (1965), 380 U.S. 545,552, 14 L.Ed.2d 62, 66.
In the case at bar, Jerry received notice that a hearing was to be held and that arrearages were to be determined at the hearing. This was set forth in the Child Support Escrow and Termination Hearing Order in bold letters. In addition, the order instructed Jerry to bring evidence pertinent to the child support order. The only evidence that Jerry presented at the termination hearing concerned the effect of the 1992 consent judgment on the amount of the arrearage. Jerry did not present evidence that Lori did not receive aid from the state, nor did he testify that he was informed that he did not need an attorney present at the hearing. This evidence was submitted along with Jerry's objections to the magistrate's decision.
Civ.R. 53(E)(3)(b) governs objections to magistrates' decisions and states in part:
 Form of Objections. * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available.
A trial court is no longer required to conduct an independent review and make its own determination when adopting the magistrate's decision. Rush v. Schlagetter (April 15, 1997), Ross App. No. 96CA2215, unreported; see, also, staff note to July 1, 1995 amendment to Civ.R. 53(E). "When reviewing a trial court's adoption of a [magistrate's] report for an `abuse of discretion,' an appellate court will reverse the trial court's determination only where it appears that the trial court's actions were arbitrary or unreasonable. Perrine v. Perrine (Nov. 20, 1996), Summit App. No. 17736, unreported, at 7. We may not merely substitute our judgment for that of the trial court. Id." Rogersv. Rogers (Dec. 17, 1997), Summit App. No. 18280, unreported, at 9-10.
In the case at bar, the only evidence at the termination hearing before the magistrate concerning the amount of arrearage owed to ODHS was presented by Capitos of the CSEA. Jerry's evidence concerning the 1992 consent judgment has no bearing on any money owed to ODHS for public aid furnished to Lori on behalf of Nicole. R.C. 5107.07 governs the assignment of the right to child support to ODHS and provides in relevant part:
 (A) The acceptance of aid under this chapter constitutes an assignment to the department of human services of any rights an individual receiving aid has to support from any other person[.] * * * The rights to support assigned to the department pursuant to this section constitute an obligation of the person who is responsible for providing the support to the state for the amount of aid payments to the recipient or recipients whose needs are included in determining the amount of aid received.
(Emphasis added.)
Lori states in her affidavit that she received less than $3,000 through CSEA. The affidavit does not state, however, the amount of aid she received through ODHS. The evidence before the magistrate showed that Lori, as a condition of receiving aid, assigned her right to collect child support to ODHS and that Lori received aid from the state through ODHS for which Jerry was responsible.
Civ.R. 53(E)(4)(b) provides:
 Upon consideration of any objections, the court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration.
Jerry provided the trial court with a transcript of the hearing pursuant to Civ.R. 53(E)(3)(b). The transcript and the record support the conclusion that Jerry received notice and an opportunity to be heard. Although it was not required to do so, the trial court considered the evidence submitted with Jerry's objections, and concluded that Jerry had not shown the amount of arrearage owed to ODHS was in error. There is no indication from the record that the trial court simply "rubber stamped" the magistrate's proposed decision. We cannot say that the trial court's adoption of the magistrate's report was unreasonable, arbitrary, or an abuse of discretion.
 B. The Amount Owed to ODHS
R.C. 5107.04(C) provides:
 The county department of human services shall take action to recover erroneous payments, which may include instituting a civil action. Whenever aid has been furnished to a recipient for whose support another person is responsible such other person shall, in addition to the liability otherwise imposed, as a consequence of failure to support such recipient, be liable for all aid furnished to such recipient. The value of the aid so furnished may be recovered in a civil action brought by the county department.
In other words, if a parent owes child support, and his or her child receives aid from the state, the obligor parent must reimburse the state for the aid furnished. The amount that the obligor parent owes to ODHS is based on the total amount of aid furnished on behalf of the child, not on the child support award. A court may not reduce such payments to a lesser amount. SeeState ex rel. Morgan Cty. Dept. of Human Services v. Roddy
(1991), 63 Ohio App.3d 575, 579-580.
As stated above, the material in the record indicating that Lori received state aid for Nicole was unrefuted by any material anywhere else in the record. Lori's affidavit addressed only the amount of money she received through CSEA, not ODHS. Pursuant to R.C. 5107.04(C), Jerry is responsible for the amount of aid received, minus any payments made by him to ODHS. The record reflects that such payments were credited to the arrearage. At the termination hearing, Lori waived any arrearage owed to her and testified that she had received support from Jerry in excess of what was owed her under the support order. Assuming, arguendo, that this is true, it still does not relieve Jerry of his obligation to ODHS.
Because Jerry received notice of and a hearing on the arrearage claimed by ODHS and because the trial court did not abuse its discretion in adopting the magistrate's proposed decision, Jerry's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ WILLIAM R. BAIRD
FOR THE COURT
QUILLIN, J., P. J.
REECE, J. CONCUR