DECISION AND JOURNAL ENTRY
Appellant John Zaccardelli ("Father") appeals an order of the Summit County Court of Common Pleas, Domestic Relations Division, that modified the child support obligation of appellee Cynthia Zaccardelli, n.k.a. Brown ("Mother"). We affirm in part and reverse in part.
Father and Mother were married on June 5, 1987, in Northfield, Ohio. Three children were born as issue of the marriage: Nicole, born September 3, 1987; Ashley, born December 12, 1988; and Sara, born August 12, 1991.
In May 1994, Mother filed a complaint for divorce in the Summit County Court of Common Pleas, Domestic Relations Division. On March 15, 1995, the trial court entered a divorce decree that incorporated a separation agreement reached by the parties. Father was designated as the residential parent of the children, and Mother was to pay Father child support in the amount of $154.96 per month for all three children. The level of child support was premised on Mother's annual income of $10,000.
In September 1996, the Summit County Child Support Enforcement Agency held an administrative hearing on the matter of the child support in the case. The agency recommended that Mother's child support obligation be increased to $382.08 per month for all three children, which included $43.33 per month for past-due support. The trial court accepted the recommendation of the agency and issued an order modifying Mother's child support accordingly.
On May 21, 1999, Mother moved to modify or terminate child support. She argued that she should not be required to pay support because she had recently given birth to a child and would not be returning to work. A hearing was held before a magistrate on June 14, 1999. The magistrate issued a decision on June 17, 1999. The magistrate's decision recommended that Mother's child support obligation be reduced to $89.61 per month for all three children. The magistrate based the decision on a temporary abatement of child support (between March 21, 1999, and June 14, 1999) as maternity leave by Mother, an imputed income of $18,000 per year, imputed payment of local income taxes in the amount of $360 per year, imputed day care expenses of $100 per week for fifty weeks, and a $2,700 credit for the child recently born of Mother and her new husband.
Father objected to the magistrate's decision. The trial court issued an order that purported to overrule the objections. Father filed a notice of appeal; this court dismissed the appeal for lack of a final, appealable order. The trial court issued an order that overruled Father's objections and set forth the parties' obligations, as recommended by the magistrate, on November 17, 1999. Father timely appealed to this court.
Father asserts five assignments of error. We will address each in due course, rearranging their order to facilitate discussion.
First Assignment of Error
 THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT MODIFIED THE EXISTING CHILD SUPPORT ORDER BECAUSE APPELLEE FAILED TO DEMONSTRATE A CHANGE OF CIRCUMSTANCES WARRANTING MODIFICATION.
Father argues in his first assignment of error that the trial court was not empowered to modify the child support order because Mother had not demonstrated a change in circumstances required to permit a modification. We disagree.
Child support orders are governed by R.C. 3113.215. "When the court is modifying a preexisting order for the payment of child support, the court must apply the ten percent test established by R.C. 3113.215(B)(4) in the Child Support Guidelines and the standards set out in Marker v. Grimm (1992), 65 Ohio St.3d 139
[.]" DePalmo v. DePalmo (1997), 78 Ohio St.3d 535, paragraph two of the syllabus.
 If an obligor or obligee under a child support order requests the court to modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the support order in accordance with the schedule and pursuant to the applicable worksheet in division (E) of this section, through line 24, or in division (F) of this section, through line 23, and if that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support that is required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet in division (E) of this section, through line 24, or in division (F) of this section, through line 23, shall be considered by the court as a change of circumstance that is substantial enough to require a modification of the amount of the child support order. * * * If the court determines that the amount of child support required to be paid under the child support order should be changed due to a substantial change of circumstances that was not contemplated at the time of the issuance of the original child support order or the last modification of the child support order, the court shall modify the amount of child support required to be paid under the child support order to comply with the schedule and the applicable worksheet in division (E) of this section, through line 24, or in division (F) of this section, through line 23, unless the court determines that the amount calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet in division (E) of this section, through line 24, or in division (F) of this section, through line 23, would be unjust or inappropriate and would not be in the best interest of the child and enters in the journal the figure, determination, and findings specified in division (B)(2)(c) of this section.
 R.C. 3113.215(B)(4). "The ten percent difference applies to the change in the amount of child support, not to the change in circumstances of the parents." (Emphasis sic.) DePalmo, 78 Ohio St.3d at 540. The ten percent test is the only test for determining whether a child support order should be modified. Id. at 539.
In considering a trial court's decision on a modification of child support, "[t]he terms of R.C. 3113.215 are mandatory in nature and must be followed literally and technically in all material respects." Marker v. Grimm (1992), 65 Ohio St.3d 139, paragraph two of the syllabus. However, a trial court's factual determinations, such as whether a parent is voluntarily unemployed, will be reversed only for an abuse of discretion. SeeRock v. Cabral (1993), 67 Ohio St.3d 108, 112. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Schafer v. Schafer (1996), 115 Ohio App.3d 639,642.
The child support order in effect prior to Mother's motion to modify required Mother to pay $110.42 per child per month in child support. As calculated by the trial court pursuant to the motion to modify, Mother's child support obligation was reduced to $29.87 per child per month. The revised child support obligation, as calculated on the worksheet, is more than ten percent less than the prior child support obligation. Therefore, under R.C.3113.215(B)(4), there was a change of circumstances substantial enough to permit a modification.[1] The first assignment of error is overruled.
Second Assignment of Error
 THE TRIAL COURT INCORRECTLY CALCULATED THE CHILD SUPPORT AND THE PARTIES['] RESPECTIVE CHILD SUPPORT OBLIGATIONS.
Father argues in his second assignment of error that the trial court used incorrect monetary figures in calculating the parties' child support obligations. The trial court found that Mother was voluntarily unemployed and imputed an annual income of $18,000, based on her job prior to the birth of the baby. In making the calculations under the worksheet, the trial court gave Mother a $2,700 federal tax exemption deduction for the baby, imputed $360 (2% of gross income) in local income taxes, and imputed child care expenses of $100 per week for fifty weeks. In this assignment of error, Father takes issue with two specific items: the imputed local income tax, and the imputed child care expenses.
Father first contends that the trial court should not have imputed local income taxes paid, because she does not actually pay any local income tax. The trial court's local income tax deduction of $360 was done on line 10 of the worksheet. R.C.3113.215(E), line 10, provides a deduction from gross annual income for the "[a]mount of local income taxes actually paid or estimated to be paid."
We find no abuse of discretion on the part of the trial court. After imputing hypothetical income to Mother, the trial court deducted the amount of hypothetical local income taxes that would be paid on that hypothetical income. We find the trial court's action was reasonable.
Father also asserts that the trial court erroneously imputed child care expenses. R.C. 3113.215(E), line 18, permits a credit against the parent's annual child support obligation for "[a]nnual child care expenses for the children who are the subject of this order that are work, employment training, or education related, as approved by the court or agency (deduct the tax credit from annual cost, whether or not claimed)." The trial court stated in its findings of fact that it would give Mother a child care credit of $100 per week for fifty weeks.[2]
We find the trial court's decision to grant a child care credit to Mother to be an abuse of discretion. In her motion to modify child support, Mother did not claim to have any child care expenses related to her three children with Father. The credit from line 18 applies only to children that are the subject of the child support order, not other children of either party. Because there was no basis for granting a credit under line 18 in the record, the trial court's decision in that regard was unreasonable. Father's second assignment of error is overruled in part and sustained in part.
Fifth Assignment of Error
 THE TRIAL COURT ERRED IN ALLOWING APPELLEE-MOTHER THE $2,700 FEDERAL TAX EXEMPTION DEDUCTION.
In the fifth assignment of error, Father argues that the trial court improperly deducted $2,700 from Mother's gross income. He argues that she was not entitled to a federal tax exemption for the recently born child who was not the subject of the child support order. We disagree.
R.C. 3113.215(B)(5)(c) states:
 If other minor children who were born to the parent and a person other than the other parent who is involved in the immediate child support determination live with the parent, the court or agency shall deduct an amount from that parent's gross income that equals the number of such minor children times the federal income tax exemption for such children less child support received for them for the year, not exceeding the federal income tax exemption.
 The record before this court shows that Mother and her current husband have one minor child living with them and that no child support is received for that child. Therefore, Mother was entitled to a deduction from her gross income equal to the federal income tax exemption for one child, $2,700. The trial court did not err by allowing the deduction. The fifth assignment of error is overruled.
Third Assignment of Error
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT RETROACTIVELY MODIFIED APPELLEE'S CHILD SUPPORT OBLIGATION.
Father contends in his third assignment of error that the trial court should not have modified Mother's support obligation retroactive to March 21, 1999. He argues that the trial court's modification was improper because it preceded the date that the motion to modify child support was filed and it eliminated a child support arrearage owed by Mother.
"Absent some special circumstance, a trial court order modifying a child support obligation should be retroactive to the date such modification was first requested." Boldt v. Boldt (Dec. 9, 1998), Summit App. No. 18736, unreported, at 13. Courts may not modify delinquent child support payments retroactively. R.C.3113.21(M)(3); see, also, Brightwell v. Easter (1994), 93 Ohio App.3d 425,429 ("[P]ast due child support * * * is not modifiable after it becomes past due."). However, a court may modify non-delinquent child support obligations retroactively to a date prior to the filing of the motion to modify if special circumstances are demonstrated. Sprankle v. Sprankle (Mar. 25, 1998), Medina App. No. 2678-M, unreported, at 6-7. A trial court's decision to make a modification retroactive is reversed only for an abuse of discretion. Hamilton v. Hamilton (1995),107 Ohio App.3d 132, 139.
In the case at bar, the trial court's order stated: "[Mother's] child support obligation to be suspended from March 21, 1999 (date of her motion) until June 14, 1999." However, Mother's motion to modify child support was not filed until May 21, 1999. Mother's monthly support obligation, prior to her motion, was $382.08 per month, which included $331.26 per month for the three children of Father and Mother and $43.33 per month for past-due support.
To the extent that the trial court's modification eliminated Mother's child support arrearage and the monthly payments to cover that arrearage, the trial court's action was contrary to R.C.3113.21(M)(3). Therefore, Mother's child support obligation of $43.33 per month for past-due support payments may not be modified retroactively. The trial court's action to the contrary was an abuse of discretion.
We also find that the trial court's order is contradictory as to the date to which Mother's child support obligation is to be modified. The trial court lists March 21, 1999, as the beginning date and the date on which Mother's motion was filed. However, Mother's motion was filed on May 21, 1999. Because we are unable to determine which date is the correct date for purposes of our analysis, we must remand the matter for clarification. Father's third assignment of error is sustained.
Fourth Assignment of Error
 THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO MAKE A DETERMINATION THAT MODIFICATION OF THE EXISTING CHILD SUPPORT ORDER WAS IN THE BEST INTERESTS OF THE CHILDREN FOR WHOM THE SUPPORT ORDER WAS ISSUED.
Father argues for his fourth assignment of error that the trial court did not make a finding that the modification of the child support order was in the best interest of the children. He asserts that the trial court was required to make such a finding. We disagree.
As noted above, the modification of child support orders is governed by R.C. 3113.215(B)(4). The only time the statute requires a trial court to make a finding regarding the best interest of the children is if the trial court decides to deviate from the statutory child support guidelines. We conclude that any modification of a child support order that comports with the guidelines and R.C. 3113.215(B)(4) is deemed to be in the best interest of the children for whom support is to be paid. SeeMarker, 65 Ohio St.3d at 141-42 ("To ensure the best interest of children, the General Assembly enacted comprehensive legislation outlining the specific procedures to be followed to meet this overriding interest of the law.").
In the case at bar, given the figures used by the trial court at that time, the modified child support order complied with the guidelines and the worksheet found in R.C. 3113.215. No deviation from the guidelines was ordered. Therefore, the modification was presumed to be in the best interest of the children, and no separate finding was necessary. On remand, no separate finding regarding the best interest of the children will be required unless the trial court chooses to deviate from the statutory guidelines. Father's fourth assignment of error is overruled.
The first, fourth, and fifth assignments of error are overruled. The third assignment of error is sustained. The second assignment of error is overruled in part and sustained in part. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
Exceptions.
LYNN C. SLABY
FOR THE COURT BATCHELDER, P.J.
CARR, J.
 CONCUR
[1] However, as will be discussed in the second assignment of error, one of the trial court's determinations was erroneous. Therefore, on remand, the trial court must recalculate the parties' child support obligations. A modification at that time will only be warranted if the ten percent test is met after the recalculation.
[2] However, on line 18 of the worksheet, the trial court entered $3,752. Neither party has explained how the two figures can be reconciled.