This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant David Lee Hedrick has appealed from an order of the Summit County Juvenile Court that denied his motion to approve a private settlement agreement releasing him from over $20,000 in arrearages in exchange for a smaller lump sum payment and allowing his daughter to reside with him. This Court affirms.
 I.
On May 9, 1984, the Summit County Juvenile Court declared that a father and child relationship existed between Appellant and Appellee Stacy Rowe Wyno's minor child, Diane. As a result, Appellant was ordered to pay $35 weekly in child support. He was also directed to pay an additional $25 weekly towards his $7,329.90 debt to Appellee for Diane's past medical expenses and unpaid support for the time since her birth.
On February 7, 1996, almost twelve years later, Appellant had paid only $107.36 in support, while $1,232.52 had been intercepted from his income tax refunds. The trial court found him to be in contempt of court, owing at that time a balance of $20,535.12. A judgment in favor of Appellee, against Appellant, was entered for the same. Notwithstanding its decision, the trial court gave Appellant a chance to purge its contempt finding and avoid a thirty day jail sentence. Appellant had ninety days in which to initiate direct support payments to the Summit County Child Support Enforcement Agency (CSEA).
When Appellant failed to meet the trial court's deadline, CSEA moved to show cause and impose the jail sentence. Appellant failed to appear at the hearing set on the motion, and a warrant for his arrest was ultimately issued on April 9, 1997.
During October 1998, CSEA recommended that Appellant's continuing child support obligations be terminated as Diane had reached the age of majority. The trial court approved and adopted the recommendation on October 13, 1998. Following the trial court's order, Appellant and Appellee reached a private settlement agreement, in which Appellee released Appellant of his child support obligations and arrearages in exchange for Appellant's lump sum payment of $3,000 and taking Diane into his home. Appellee and counsel for Appellant also prepared and signed a journal entry relieving Appellant from his child support obligations and arrearages. Appellee received the $3,000 payment after signing the settlement contract and proposed journal entry, and Diane moved in with Appellant.
On March 20, 2000, having complied with the preconditions of the settlement agreement, Appellant moved the trial court to approve and adopt the prepared journal entry. The trial court held a hearing on the issue. Then, on November 15, 2000, the trial court denied Appellant's motion and refused to sign the proposed order approving the settlement. The trial court believed that it could not retroactively modify Appellant's arrearages. Appellant's $3,000 payment was setoff against his total arrearages, and the warrant for his arrest, issued April 9, 1997, remained in effect. Appellant timely appealed, asserting one assignment of error.
 II. Assignment of Error Where a party voluntarily enters into an agreement modifying past due child support, the party is bound by said agreement.
 In his sole assignment of error, Appellant has argued that the trial court should have modified his arrearages pursuant to the parties' settlement agreement. Specifically, he has claimed that because the parties entered into an extrajudicial contract, wherein the parties, for good consideration, agreed to modify Appellant's past due child support obligation, he was forever released from his arrearages, and the trial court had an obligation to enforce the agreement. This Court disagrees.
R.C. 3113.21(M) provides, in pertinent part:
 (3) Except as provided in division (M)(4) of this section, a court may not retroactively modify an obligor's duty to pay a delinquent support payment.
 (4) A court with jurisdiction over a support order may modify an obligor's duty to pay a support payment that becomes due after notice of a petition to modify the support order has been given to each obligee and to the obligor before a final order concerning the petition for modification is entered.[1]
 A strict construction of the language in R.C. 3113.21(M)(3) clearly indicates that once it is determined that past due child support is owed, a court cannot modify that amount, except for the time period between the motion to modify and the court's final order on the subject. Hence, as this Court recently observed, "[c]ourts may not modify delinquent child support payments retroactively." Zaccardelli v. Zaccardelli (July 26, 2000), Summit App. No. 19894, unreported, at 8, citing R.C. 3113.21(M)(3) and Brightwell v. Easter (1994), 93 Ohio App.3d 425, 429
("[P]ast due child support * * * is not modifiable after it becomes past due."). The trial court did not err in refusing to approve the parties' settlement agreement. Appellant's assignment of error is without merit.
 III.
Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ BETH WHITMORE
BATCHELDER, P.J., CARR, J. CONCUR
[1] Effective March 22, 2001, the General Assembly repealed R.C. 3113.21. However, that measure has no bearing in this appeal, as the statute was in effect at the time the trial court entered its decision.